THE CONTINENTAL INVESTMENT AND LOAN SOCIETY

*v.*

WILLIAM F. WOOD.

*Opinion filed November 1, 1897.*

1. MORTGAGES—*when mortgage recorded before purchase money mortgage will not create prior lien.*   A mortgage executed by a vendee to a third person, and recorded by the latter before the vendee's deed or the mortgage given back by him for purchase money had been acknowledged and recorded, but of the existence of which deed and mortgage such third person had notice, will not take precedence over the purchase money mortgage.

2. APPEALS AND ERRORS—*correctness of master's findings cannot be first questioned on appeal.*   One desiring to question the correctness of the master's findings concerning the allowance of solicitor's fees in a foreclosure suit should except in the trial court.

*Continental Investment Co.* v. *Wood,* 66 Ill. App. 491, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

DEFREES, BRACE & RITTER, for plaintiff in error.

MERRICK, EVANS & WHITNEY, (DANIEL EVANS, of counsel,) for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Suit was commenced by William F. Wood, defendant in error, against plaintiff in error and others in the Cook county circuit court, to foreclose a mortgage and determine the priority of the liens of the respective parties to the suit. Upon issue being joined the cause was referred to the master in chancery, who, having heard the testimony, reported his finding and conclusion that the material allegations of the bill were true. Objections were filed to this report, which were overruled. The report was approved and confirmed, and decree entered accordingly. The cause was taken to the Appellate Court for the First District on a writ of error, in which latter court the circuit court's decree was affirmed. The present writ of error is prosecuted to reverse the Appellate Court's judgment of affirmance.

The trust deed to Wood provides that the grantor shall pay all costs and attorney's fees incurred by the holder of the secured notes in any suit in which they may be plaintiff or defendant, by reason of being a party to the trust deed or a holder of the notes, and that the same shall be a lien on the premises. The master found that there was $200 due for solicitor's fees, and the court found the whole amount due complainant, including the attorney's fee, to be $1148.36. No objection was made to the master's finding as to the attorney's fee, nor to the allowance of the same by the court.

From the bill and master's report it appears that Wood and wife executed a warranty deed of the mortgaged property to one Mary E. Hoof, February 1, 1892, but it was not acknowledged until May 12, 1893, nor recorded until June 7, following. Mary E. Hoof, together

with her husband, George W. Hoof, made and executed two notes, aggregating $765.48, for the balance of the purchase price of the land, payable to Wood, to secure which they executed the mortgage in suit, dated February 1, 1892, acknowledged May 17, 1893, and recorded June 7, 1893. On the first of October, 1892, Hoof and wife executed a mortgage to secure an indebtedness to the Continental Investment and Loan Society, which was recorded October 17, following. They also executed a mortgage on June 15, 1893, to secure another indebtedness to this company, which was recorded the same day. The plaintiff in error claims priority of lien under these two mortgages over that of Wood.

Hoof was in possession of the property immediately after the first of February, 1892,—the date of the deed from Wood,—but some question having arisen as to his carrying out his agreement to purchase the property, proceedings in forcible entry and detainer were instituted by Wood against him, and during the pendency of this suit, and about May 1, 1892, a meeting of the interested parties was held and the rights of the investment company and Wood were talked over. A check for $508.35 was paid Wood as a part of the purchase money due by Hoof. An attempt was made before the master to establish an agreement on the part of Wood that the investment company's lien should be prior to that of Wood, but the attempt failed. It appears from the master's report and the answer of plaintiff in error that it had knowledge of the fact that the lien of Wood was for purchase money, and so treated it.

It will be seen that the mortgage to Wood was not acknowledged or recorded until after the mortgages executed to the investment company, but it does appear that the former was given to secure a part of the purchase money for the property, of which plaintiff in error had notice, and was executed simultaneously with the deed to Wood from Hoof. It is very clear, under this

state of facts, that the mortgages given to the investment company are not entitled to priority over the mortgage for the purchase money given to the complainant below. "A vendor of real estate who records his mortgage at the same instant that the deed from him is recorded, has no occasion to examine the record for incumbrances created by his vendee upon the property prior to the recording of his deed. If there be delay in recording such deed and mortgage, and the vendee executes another mortgage of the same property to a stranger, and this is recorded before the deed to the vendee and his mortgage for the purchase money are recorded, the recording of the mortgage to such third person is not notice to the vendor, because at that time the deed to the vendee had not been recorded." Jones on Mortgages, sec. 568; *Elder* v. *Derby*, 98 Ill. 228.

We entertain no doubt that, on the allegations of the bill and answer in this case, the decree of the circuit court giving complainant a superior lien upon the premises is right.

The master reported a finding of facts which fully supports the decree, and the confirmation of his report was in legal effect the adoption of his findings as the basis of the decree rendered, and if the defendant desired this court to review such findings it was its duty to preserve the evidence by bill of exceptions or a certificate properly signed. If defendant desired to question the correctness of the master's finding in favor of the allowance of the solicitor's fees, exceptions should have been taken to the report on that ground, and that question cannot be raised for the first time here.

The decree will be affirmed.    *Decree affirmed.*