## Franklin C. Jocelyn et al. v. Charles G. White, and Frank R. Chandler, Trustee.

1. CHANCERY PRACTICE—*Waiver of a Demurrer.*—Where a joint and several demurrer to a bill in behalf of two of the defendants is overruled and such defendants are ruled to answer and fail to do so, and the bill is taken as confessed against them, it not appearing that they had elected to stand by their demurrer or showed any intention to do so, the demurrer is properly considered as abandoned, and the court and counsel for the complainant are justified in assuming that such defendants had acquiesced in the ruling upon the demurrer and confessed the bill, and the question as to whether the trial court erred in overruling the demurrer is not before the Appellate Court for review.

2. SAME—*Objections to the Allowance of a Solicitor's Fee.*—Where a defendant desires to question the correctness of the master's finding in favor of the allowance of solicitor's fees, exceptions should be taken to the report on that ground, as the question can not be raised in the Appellate Court for the first time.

3. SAME—*Where a Master is Properly Given Leave to Sign His Report Nunc Pro Tunc.*—The objection that the master's report, when filed, was not signed by him, where no objection on this or any other ground has been made, either before the master or the chancellor, but where the depositions of the witnesses and the certificate of evidence were duly signed by him, and also the draft of the decree as entered in the same case, *it was held* that the report was sufficiently identified, and leave was properly given the master to sign the same *nunc pro tunc.*

4. APPELLATE COURT PRACTICE—*Objections to Evidence Must Be Made in the Court Below.*—Where a party litigant in a chancery proceeding, while attending before the master by his solicitor, and at every stage of the proceeding in the trial court, makes no objection to the evidence nor to the master's report, or to the decree, he is precluded in the Appellate Court from raising for the first time any objections which he might have made pending such proceedings.

5. SAME—*Objections to Decrees to be Made in the Court Below.*—An objection made in the Appellate Court for the first time to a decree to the entry of which no objection was made in the court below will not be considered.

**Bill of Foreclosure.**—Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 1, 1901.

CHESTER FIREBAUGH, attorney for plaintiffs in error.

STILLMAN & MARTYN, attorneys for defendants in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Plaintiffs in error seek in this case to procure a reversal of a decree of foreclosure. The objections to the bill of complaint are technical, and it is probable that upon demurrer some of them at least might properly have been sustained. A joint and several demurrer to the bill was filed in behalf of two of the defendants, but was overruled by the chancellor, and said defendants were ruled to answer. Failing to comply with said rule, the bill was taken as confessed as to them by reason of such failure. It nowhere appears that they elected to stand by their demurrer or showed any intention so to do, and it was properly considered abandoned. The court and the counsel for complainants were justified in assuming that the said defendants had acquiesced in the ruling upon the demurrer and confessed the bill. The question, therefore, as to whether the Circuit Court erred in overruling the said demurrer is not now before us.

The other plaintiffs in error did not demur but filed their joint and several answer to the bill of complaint denying generally each and every allegation therein, merely stating in addition that complainant White is "not the owner and holder of the note mentioned in the bill." It appears, however, that their solicitor, while attending before the master and at every stage of the proceeding in the Circuit Court, made no objection to any of the evidence offered, nor to the master's report, nor to the decree. They are therefore precluded from raising in this court for the first time objections which might have been made pending the proceedings there. Continental Investment & Loan Society v. Wood, 168 Ill. 421–424.

It is objected that the notice of sale provided for in the decree was unreasonably short. But this objection made here for the first time to a decree to the entry of which no objection was made, obviously can not now be considered. The same is true of the objection to the allowance of solic-

itor's fees. "If the defendant desired to question the correctness of the master's finding in favor of the allowance of solicitor's fees, exceptions should have been taken to the report on that ground, and that question can not be raised for the first time here." Continental Investment and Loan Society v. Wood, *supra.*

It is further objected that at the time the decree was entered certain documentary evidence which had been presented before the master was not before the court nor contained in the record. The master's report recites that the evidence in question was duly offered at the hearing before him. It is stated that leave was given to withdraw certain of the original documents after their introduction. It does not, however, appear that they were so withdrawn, even temporarily; and if they were, there is nothing to show that they were not produced at the time of entering the decree. It must be presumed, in the absence of any showing to the contrary, and in the absence of any objections or exceptions to the report or decree, that the Circuit Court had before it at the time of the confirmation of the master's report and the entry of the decree, evidence which the report itself states was returned with and as a part thereof. The report recites that "said testimony and documents are returned herewith as a part of this report." Whether so or not, it is too late now to raise the objection for the first time.

It is objected that the master's report when filed was not signed by him. No objection to the report on this or any ground was, as above stated, made either before the master or before the chancellor, although the solicitor for the plaintiffs in error was duly notified to file objections before the master within a time fixed, and accepted service of such notice. While it is true that the report as a whole appears to have lacked the master's signature at the time it was filed, the depositions of the witnesses and the certificate of evidence which were a part thereof, were duly signed by him, and also the draft of the decree as entered. These signatures sufficiently identified the report, and leave was

subsequently given, properly, as we think, to correct the oversight *nunc pro tunc*, which was done.

It is urged with some force that the bill of complaint under which the decree was obtained, does not state facts sufficient to constitute a cause of action. The bill would doubtless have been much improved had it been made more full and specific. But, after a careful examination, we have reached the conclusion that it contains a statement of facts, sufficient in substance as a basis for the decree, which appears to have been entered without objection and practically with the consent of plaintiffs in error.

The decree of the Circuit Court must be affirmed.