MARY ESKER *et al.*

*v.*

JOHN HEFFERNAN.

*Filed at Mt. Vernon November 4, 1895.*

1. EJECTMENT—*mortgagee in mortgage of statutory form can maintain ejectment for condition broken.* An action of ejectment may be maintained by a mortgagee for condition broken, against the mortgagor or any other person in possession of the premises, where the mortgage is in the statutory form, that being substantially the common law form, containing the word "warrant," and carrying with it all covenants of title.

2. EVIDENCE—*deed acknowledged as required in another State, admissible.* A deed acknowledged in Indiana, in such conformity with the laws of that State as would entitle it to be admitted for record in that State, is, under the statute, properly admitted for record here as a part of the chain of title.

3. SAME—*parol evidence not admitted to aid affidavit for tax deeds.* Parol evidence cannot be introduced to supply defects or omissions in the affidavit of service of notice of a tax sale under the statute, which authorizes a deed to be executed upon an affidavit stating specified facts.

4. TAX DEEDS—*statutory conditions must be strictly complied with.* The title to be made under a tax deed is *stricti juris,* and non-compliance with what the law makes a condition precedent to the right to such deed makes the deed invalid, whether any person has been misled or injured as a result thereof or not.

5. SAME—*failure of affidavit for deed to state possession under owner is fatal.* An affidavit of service upon an occupant of premises, and also upon an agent of the owner, who is a non-resident, but without stating that either was tenant to or in possession under the owner, is insufficient to support a tax deed.

6. SAME—*misdescription in published notice invalidates tax deed.* Misdescription of land in a published notice of a tax sale, which locates the land in a wrong section, will make the notice insufficient to sustain a tax deed.

WRIT OF ERROR to the Circuit Court of Effingham county; the Hon. SILAS Z. LANDES, Judge, presiding.

An action of ejectment was brought at the October term, 1893, of the Effingham circuit court, by defendant in error, against plaintiffs in error, to recover possession of the south-west quarter of the south-east quarter of section 19, township 7, north, range 7, east of the third principal meridian. Heffernan sought to recover by virtue of a mortgage executed to him by one Foster, on which a decree of foreclosure had been rendered, which decree, at the time of the commencement of this action, still remained unsatisfied. No sale had been made under the decree, and consequently no deed had been issued. The mortgage was in the statutory form of this State, and bore date June 1, 1884, and the decree of foreclosure thereon was rendered at the October term, 1894, of the Effingham circuit court. It is conceded that defendant in error shows a connected chain of title in fee to this land in William Foster, the mortgagor, unless there is a valid objection to an acknowledgment of a certain deed from John A. Armstrong and wife to Leonidas H. Carr, executed in the State of Indiana, in 1858. Plaintiffs in error claimed title in themselves by virtue of a chain of title adverse to Foster, the mortgagor, and based on a tax deed dated August 2, 1887. The circuit court rendered

judgment in ejectment against the defendants below. A new trial was granted under the statute, upon which a like judgment was rendered, which is now sought to be reversed by plaintiffs in error in this court.

Henry B. Kepley, for plaintiffs in error.

Gilmore & Gilmore, for defendant in error.

Mr. Justice Phillips delivered the opinion of the court:

Two questions are presented on this record for the consideration of this court. The first is, can a mortgagee, after condition broken, under our present statutory form of mortgage, maintain an action of ejectment against the mortgagor or third persons in possession before foreclosure and sale, but while the mortgage indebtedness remains unsatisfied. The second question raises the sufficiency or validity of the tax deed upon which the title of plaintiffs in error is based.

Under the common law form of mortgage, a mortgagee, after forfeiture by reason of non-payment, had sufficient title on which to maintain an action of ejectment against the mortgagor or other party in possession. (*Delahay* v. *Clement*, 3 Scam. 200; *Kilgour* v. *Gockley*, 83 Ill. 109; *Finlon* v. *Clark*, 118 id. 32; *Carroll* v. *Ballance*, 26 id. 9; Tyler on Ejectment, p. 169, *et seq.*) The rule is well settled in this and other States, as above stated, that the mortgagee, after condition broken, can maintain an action of ejectment without notice. The statutory form of mortgage which contains the word "warrant" carries with it all covenants of title, and is a conveyance of the fee. (*Elder* v. *Derby*, 98 Ill. 228.) The mortgage in question, as disclosed by the record, is of the form prescribed in sections 12 and 9, chapter 30, of the Revised Statutes, and contains the covenant of warranty. It follows, therefore, that a mortgage of the statutory form, as above prescribed, does not differ, in the right of the mortgagee

to maintain his action of ejectment, from the common law form of mortgage.

The States of New York and Wisconsin have mortgages similar in form to our present statutory form of mortgage, and it has been held in a number of cases cited from those States that no action of ejectment can be maintained by the mortgagee for a recovery of the mortgaged premises. The rule, however, in those States is regulated, not by the common law, but entirely by statute. Statutes of both these States provide that the mortgagee is not entitled to possession of the mortgaged premises, and can not maintain any action to recover possession either before or after condition broken, so that the cases cited from those States are not applicable to our own State, in which the common law, in the absence of any statute on the question, is still in force. Our present statutory form of mortgage, containing, as it does, the word "warrant," and carrying with it all covenants of title, does not materially differ from the common law form of mortgage, and it follows, therefore, that the mortgagee may maintain an action of ejectment, after condition broken, against the mortgagor or any other person in possession of the mortgaged premises. An exception to this rule is that of a tenant in possession under a leasehold executed prior to the date of the mortgage, or other party whose title or possession may be superior.

This is a suit at law, as contradistinguished from a suit in equity. It is brought to enforce a naked legal right, as distinguished from an equitable right. The plaintiff seeks to recover certain lands the title whereof he claims in fee simple. To do this he is bound to show in himself a fee simple title at law, as distinguished from an equitable title. (*Barrett* v. *Hinckley*, 124 Ill. 32.) In the case above cited this court, in the opinion, said (p. 41): "There is, perhaps, no species of ownership known to the law which is more complex or which has given rise to more diversity of opinion, and even conflict in decisions,

than that which has sprung from the mortgage of real property. By the common law, if the mortgagor paid the money at the time specified in the mortgage, the estate of the mortgagee, by reason of the performance of the condition therein, at once determined and was forever gone, and the mortgagor, by mere operation of law, was remitted to his former estate. On the other hand, if the mortgagor failed to pay on the day named, the title of the mortgagee became absolute, and the mortgagor ceased to have any interest whatever in the mortgaged premises. By the execution of the mortgage the entire legal·estate passed to the mortgagee, and unless it was expressly provided that the mortgagor should retain possession till default in payment, the mortgagee might maintain ejectment as well before as after default. This is the view taken by the common law courts of England, and which has obtained, with certain limitations, in most of the States of the Union, including our own, in which the common law system prevails."

Under the rule of this court the mortgagee is held, as in England, in law, the owner of the fee, having the *jus in rem* as well as the *jus ad rem*. (*Oldham* v. *Pfleger*, 84 Ill. 102; *Finlon* v. *Clark*, 118 id. 32; *Taylor* v. *Adams*, 115 id. 570.) It is true that courts of equity, from an early period, have taken a different view of the matter. They have looked upon the forfeiture of an estate of law, because of non-payment on the day fixed by the mortgage, as in the nature of a penalty, and have given relief accordingly. This relief was given by allowing the mortgagor to redeem the land, on equitable terms, at any time before the right to do so was barred by foreclosure, and this right was called his "equity of redemption." Courts of equity have looked at the substance of the transaction, rather than its form, and have held that the mortgage was a mere security for the payment of a debt, and that the mortgagor was the real beneficial owner of the land, subject to the lien of the indebtedness, and have also held

that the interest of the mortgagee was simply a lien upon the land, rather than an estate in it. As we have seen, however, an action of ejectment being one at law, and not in equity, naked legal rights and not equitable rights must prevail.

Objection is made to the acknowledgment of a certain deed in the chain of title of defendant in error, on the ground that the acknowledgment was taken in the State of Indiana, before an officer of that State known as a recorder, in the year 1858. It appears from the statute of that State in evidence in this record, and properly attested, that at that time such officer was authorized to take acknowledgments of deeds in the same manner as other officers therein named; that the office of recorder was created by the constitution of the State of Indiana, and such recorder was authorized to take acknowledgments of deeds in that State. This deed having been acknowledged, therefore, in such conformity with the laws of the State of Indiana as would entitle it to be admitted for record in that State, was, under the statute of our State in force at that time, properly admitted for record here, and the acknowledgment was valid.

It is conceded that if this acknowledgment was valid defendant in error showed a connected chain of title in Foster, the mortgagor. Having found, therefore, this acknowledgment to be valid, and that defendant in error, as mortgagee, was entitled to maintain ejectment, it follows, therefore, he is entitled to recover unless the defendants below, plaintiffs in error here, show a better title.

To defeat the title of defendant in error and to show better title in themselves, plaintiffs in error relied upon a chain of title based upon a tax deed issued to Henry B. Kepley by the county clerk of Effingham county, of date of August 2, 1887. Objections were made to the introduction of this deed in evidence on the ground of the invalidity of the judgment for delinquent taxes, and also upon the insufficiency of the affidavit upon which the tax

deed was based. An examination of the record discloses that the objections to the judgment are not well taken.

A more serious difficulty, however, arises as to the affidavit presented to the county clerk and upon which the tax deed was issued. It appears that at the time of the sale for delinquent taxes William Foster, the owner of the land in question and the person in whose name the same was assessed, was a non-resident of the county. Section 216, chapter 120, of Starr & Curtis' Statutes, provides, among other things, as follows: "If no person is in possession or occupancy of such land or lot, and the person in whose name the same was taxed or specially assessed upon diligent inquiry can not be found in the county, * * * then such person or his assignee shall publish such notice in some newspaper printed in such county, * * * which notice shall be inserted three times, the first time not more than five months and the last time not less than three months before the time of redemption shall expire: *Provided, however,* that if the owners of said land or lot or the parties interested therein cannot be found in the county, and the person in the actual occupancy is tenant to or is in possession under the owner or party interested therein, then service of said notice upon such tenant or occupant shall be deemed service upon the owner or party interested."

The affidavit in the record in this case shows personal service upon one Dennis McMahon, the actual occupant and the only person in possession of the land, and also upon George Foster, agent of the owner, and also the non-residence of William Foster, the owner and the person in whose name the land was assessed. An attempt was made to secure service upon William Foster by publication in a newspaper, but this publication notice, as disclosed by the record, describes the land as located in *section 1* instead of *section 19*, which would place this forty acres five miles west and three miles south of the land which was actually sold under the judgment for delin-

quent taxes and on which a tax deed was sought to be procured.   The affidavit does not state that Dennis Mc-Mahon or George Foster was tenant to or in possession under William Foster.   An attempt was made to supply this discrepancy by oral proof upon the trial of the case.

The title to be made under a tax deed is one *stricti juris,* and it is not necessary to look farther where there has been a non-compliance with what the law makes a. condition precedent to the right to a tax deed.   It is not a matter of inquiry as to whether or not any person has. been misled or injury has resulted.  (*Wisner* v. *Chamberlin,* 117 Ill. 568.)    "The execution of the deed rests entirely upon the sufficiency of the affidavit filed with the clerk, upon which it issued.   Parol evidence can not be introduced to supply defects or omissions in the affidavit. The statute only authorizes a deed to be executed upon an affidavit being filed which contains certain specified facts.   If the affidavit does not contain the specified facts. the deed is unauthorized and nugatory, regardless of what the real facts may be or what may be proved."  (*Gage* v. *Mayer,* 117 Ill. 632, on p. 638.)    The same rule has been followed by this court in the case of *Hughes* v. *Carne,* 135 Ill. 519.

The only apparent service, therefore, upon William Foster, the owner of the land and the person in whose name it was assessed, was the attempted service by publication, which described the land as in section 1 instead of in section 19, and amounted to no such service as would authorize the issuing of a valid tax deed.

Various other objections are urged to this tax deed, which it is not necessary to notice.

The tax deed conveyed no title, and the chain of title of plaintiffs in error based on it was not such as would defeat the title of defendant in error.

The judgment of the circuit court for defendant in error was proper, and it is therefore affirmed.

*Judgment affirmed.*