HENRY P. KRANSZ, Trustee,

*v.*

NIKOLAUS UEDELHOFEN *et al.*

*Opinion filed December 18, 1901.*

1. MORTGAGES—*right of mortgagee, at common law, to bring ejectment.* At common law the mortgagee might maintain ejectment against the mortgagor before condition broken and turn him out of possession unless such right was restrained by terms of mortgage.

2. SAME—*in this State a mortgagee cannot maintain ejectment before condition broken.* In this State the right of a mortgagee to maintain ejectment against the mortgagor is confined to cases where the conditions of the mortgage have been broken or there has been default in the payment of principal or interest.

3. SAME—*right of mortgagor to retain possession may be implied.* The permission granted to the mortgagor to hold possession until default may be implied from the terms of the mortgage, even though there is no express provision to that effect.

4. SAME—*when right to retain possession is implied.* The right of the maker of a trust deed to retain possession and collect the rents and profits is implied where the trust deed provides that upon breach of condition the maker waives all right to possession and to the income and rents of the premises.

5. SAME—*extension presumed to have been endorsed on note by party having note in his possession.* The endorsement of an extension of time of payment upon a note secured by trust deed will be presumed to have been made by the trustee, who had the note in his possession.

6. SAME—*when extension of time of payment is binding upon trustee in trust deed.* An extension of the time of payment of a note secured by trust deed is binding upon the trustee although signed only by the makers of the deed and note, where the trustee endorses an extension upon the note as per the agreement attached, and accepts interest during part of the period of extension.

7. SAME—*when holder of note is bound by acts of trustee.* If the legal holder of a note secured by trust deed entrusts the note to the possession of the trustee after maturity, he is bound by the trustee's extension of the time of payment, especially where the extension agreement was acted upon by the parties.

8. SAME—*when trustee's acceptance of payments is presumed to be as agent of the holder of the note.* If the possession of a note secured by trust deed is entrusted by the legal holder to the trustee, the latter's acceptance of payments of interest, made pursuant to the terms of an extension agreement, must be presumed to have been as agent of the holder of the note.

APPEAL from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

This is an action of ejectment, brought by the appellant, Henry P. Kransz, trustee, as plaintiff, against the appellees, Nikolaus Uedelhofen and Katharina Uedelhofen, as defendants, in which the declaration was filed on January 26, 1900. The declaration consists of one count only, which alleges that plaintiff, on December 1, 1899, was possessed of a certain piece of land in Cook county, to-wit, lot 24 in block 48 in Rogers Park, etc., which premises plaintiff claims in fee, as trustee; and the plaintiff, being so possessed thereof, the defendants afterwards, to-wit, on December 30, 1899, entered into said premises and ejected plaintiff therefrom, and unlawfully withhold possession thereof from the plaintiff to his damage of $1000.00. Plea of not guilty was filed by the defendants.

Subsequently, by leave of court, defendants filed a special verified plea, denying that plaintiff demanded possession of premises before commencement of suit, to which special plea plaintiff filed a general and special demurrer, setting up, as special ground of demurrer, that no facts are set forth in the plea, showing demand for possession by plaintiff was required by law. The demurrer to the special plea was sustained.

The cause was tried before the court and a jury. The plaintiff asked the court to give the jury the following instruction:

"The court instructs the jury to find the defendants guilty of unlawfully withholding from the plaintiff the possession of the premises described in plaintiff's declaration herein, and that the plaintiff has the fee simple title to said premises, and is entitled to the immediate possession of the same."

The court refused to give the said instruction, and marked it "refused," to which the plaintiff excepted. At

the instance of the defendants the court gave to the jury the following instruction:

"At the conclusion of the evidence you, the jury, are instructed to find for the defendants."

To the giving of which instruction plaintiff excepted. No other instructions were given or asked. The jury returned a verdict of not guilty. Motion by plaintiff to set aside the verdict and grant a new trial was overruled, to which plaintiff excepted. Judgment was then rendered upon the verdict in favor of the defendants and against the plaintiff for costs, to which exception was taken by the plaintiff.

The present appeal is prosecuted to this court from the judgment so rendered in favor of the appellees.

Upon the trial the plaintiff introduced in evidence a trust deed, executed by the appellees to the appellant as trustee, which said trust deed is, so far as it is necessary to set the same forth, in order to understand the questions involved, as follows:

"The grantors, Nikolaus Uedelhofen and Katharina Uedelhofen, his wife, of Cook county, Illinois, in consideration of the sum of one thousand ($1000.00) dollars, in hand paid, convey and warrant to Henry P. Kransz, of Cook county, Illinois, and his successor in trust, the following described real estate, to-wit: (describing the lot above named,) together with all buildings and improvements now and hereafter erected, or located thereon, including all heating, gas and plumbing apparatus, and all other fixtures attached to said premises and everything appurtenant thereto, * * * hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of the State of Illinois. In trust, nevertheless, for the purpose of securing the observance and performance of the covenants and agreements herein contained.

"Whereas the said Nikolaus Uedelhofen (one of said grantors) is justly indebted upon his seven promissory

notes of even date herewith, payable to the order of himself (and by him endorsed,) at the office of Bernard F. Weber & Co., in Chicago, Illinois; one of the said notes being a principal note for the sum of one thousand dollars, due three years after the date thereof, and six of said notes being interest notes for the sum of thirty-five and no/100 dollars each, due respectively on the fourteenth days of April and of October in each year during said period of three years, and all of said notes, both principal and interest, bearing interest after maturity at the rate of seven per cent per annum until paid, and being payable in gold coin of the United States of America, of the present standard of weight and fineness.

"Now the grantors covenant and agree as follows: To pay said indebtedness and interest thereon, as herein and in said notes specified, or according to any agreement extending the time of payment; to pay before the first day of May in each (year) all taxes and assessments levied on said premises; not to suffer any mechanic's lien to attach to said premises; to keep said premises in good repair and not to commit or suffer to be committed any waste to said premises, and, within sixty days after destruction or damage, to begin to re-build or restore all buildings or improvements on said premises that may have been destroyed or damaged, and thereafter to prosecute such re-building or restoration with all reasonable speed to completion; to keep all buildings at any time situated on said premises insured against loss or damage by fire until the indebtedness hereby secured is fully paid.  *  *  * The grantors further covenant and agree, that, if default be made in the payment of any one of said promissory notes, or of any part thereof, or the interest thereon, or any part thereof, at the time, and in the manner above specified for the payment thereof, or in case of a breach of any of the covenants or agreements aforesaid, the whole of said indebtedness, including principal and all accrued interest, shall, at the option of the legal holder

of said notes, at once without notice become and be due and payable, and that the same ·with interest thereon at the rate of seven per cent per annum from the time of such breach shall be recoverable by suit at law or by foreclosure hereof, or both, in like manner as if all of said indebtedness had then matured by express terms; and also that upon such breach, the grantors waive all right to the possession and income and rents of said premises, and it shall be lawful for said grantee, and he is hereby authorized and empowered, to enter into and upon and take possession of the premises hereby conveyed, and to let the· same, and collect and receive all rents, issues and profits thereof;—and, in case of foreclosure as aforesaid, said grantors waive all right to the possession of, and income from, said premises pending such foreclosure proceedings, and until the period of redemption from any sale thereunder expires, and agree that a receiver shall be appointed to take possession or charge of said premises and to let the same and keep the buildings thereon insured, and collect such income, and to pay the same * * * to the person entitled to a deed under the certificate of sale," etc.

Plaintiff also introduced in evidence the note secured by said trust deed, which is as follows, to-wit:

"CHICAGO, *October 14, 1895.*

"Three years after date, for value received, I promise to pay to the order of myself, the sum of $1000.00, with interest until maturity at the rate of seven per cent per annum, payable half-yearly. Installments of interest evidenced by six interest notes of even date herewith. It is agreed that if default be made in the payment of any one of said installments when due and payable, then, at the option of the legal holder hereof, said principal sum and accrued interest shall at once without notice become and be due and payable. The payment of this note is secured by trust deed to Henry P. Kransz of even date · on real estate in Cook county, Illinois.

NIKOLAUS UEDELHOFEN."

Upon the back of said note were the following endorsements: "Pay to the order of John B. Mason.—

Nikolaus Uedelhofen." Also: "The time of payment of the within note is hereby extended for three years as per agreement attached."

Counsel for plaintiff below then introduced in evidence the agreement referred to, which was admitted to be the one referred to in the memorandum on the back of the note. That agreement is as follows:

"The time of payment of the principal promissory note of Nikolaus Uedelhofen, dated the fourteenth day of October, A. D. 1895, for one thousand ($1000.00) dollars, and secured by trust deed of even date herewith on real estate in Cook county, Illinois, (said real estate having since been transferred to Katharina Uedelhofen, and the payment of the above mentioned note assumed by her,) is hereby extended for three (3) years from the fourteenth day of October, A. D. 1898, subject to the payment of interest thereon at the rate of six (6) per cent per annum, payable semi-annually, as evidenced by six (6) interest notes of thirty ($30.00) dollars each. And it is agreed that, if default be made in the payment of any one of said installments of interest, when due and payable, and such default shall continue for thirty days, then the whole of said principal promissory note may, at the option of the legal holder thereof, at once become and be due and payable, anything herein or in said promissory notes contained to the contrary notwithstanding. And it is further expressly agreed, that the said trust deed shall in every respect remain in full force and effect (except as to the time of payment of the principal sum), until the said principal sum and the above mentioned interest notes shall have been fully paid and satisfied; and that all the provisions, covenants and powers therein contained, shall be in full force and applicable and exercisable in case of non-payment of the above mentioned interest notes or any of them when due, or in case of the breach of any of the covenants or agreements therein contained. In consideration of this extension, it is hereby agreed that said principal note, so extended, and said several interest notes and interest thereon be and are hereby made payable in gold coin of the United States of America, of the present standard of weight and fineness.

"Witness our hands and seals this fourteenth day of October, A. D. 1898.          KATHARINA UEDELHOFEN,
                                        NIKOLAUS UEDELHOFEN."

Upon the trial, defendants called one of the attorneys for the plaintiff, and exhibited to him the copy of a bill, filed for the purpose of foreclosing said trust deed by the appellants and the holder of the note, John B. Mason, and asked him if a certain statement in the bill, to the effect that the note had been extended for three years substantially in accordance with the above agreement for extension, was true; and also offered in evidence that portion of the bill, which was objected to and the objection was sustained by the court, to which ruling the defendants excepted.

The appellees here assign as cross-errors, that the court below erred in sustaining the demurrer to the special plea, and also in sustaining the objection to the introduction in evidence of that portion of the bill of foreclosure above referred to.

IVES, MASON & WYMAN, for appellant.

JAMES J. BARBOUR, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an action of ejectment, brought by the trustee in a trust deed to secure a promissory note, against the grantors or mortgagors who signed the trust deed.

It is claimed by the appellees that, when this suit was brought on January 26, 1900, there had been no default in the payment of interest, or in the observance of any of the other covenants in the trust deed; and that, therefore, the action of ejectment was improperly brought before condition broken. The position of the appellees is, that the appellant had no right to bring ejectment before condition broken, that is to say, before failure to pay the principal note, or any of the interest notes, secured by the trust deed; and that, therefore, the court below committed no error in instructing the jury to find

the defendants not guilty. "The condition is broken when one or more installments are due and unpaid; because, the condition being an entirety, it is indivisible, and a failure to pay any part of the debt is a breach of the condition." (*Carroll* v. *Ballance*, 26. Ill. 9).

The position of appellant is that, as grantee in the trust deed, he can maintain ejectment before condition broken upon the alleged ground that the trust deed contains no provision permitting the grantors to retain possession of the premises; and that, even if this is not so, the condition was broken, upon the alleged ground that the agreement for the extension of the indebtedness after its maturity was invalid, as having been signed only by the makers of the note and trust deed, and not by the trustee, or the holder of the note.

*First*—At common law a mortgage deed conveyed the fee in the land to the mortgagee, and, under it, the mortgagee could oust the mortgagor immediately on the execution and delivery of the mortgage without waiting for the period fixed for the performance of the condition. In other words, at common law the mortgagee might maintain ejectment against the mortgagor before condition broken and turn him out of possession, unless the right of the mortgagee to do so was restrained by the terms of the mortgage. (1 Jones on Mortgages,—4th ed. —sec. 15; *Carroll* v. *Ballance, supra*). To prevent ejectment being brought by the mortgagee against the mortgagor, it was said in *Carroll* v. *Ballance, supra*, that "most English mortgages contain a clause, that, until default made, the mortgagor, his heirs, etc., may hold and enjoy the land and receive the profits without interruption by the mortgagee or his heirs." It is claimed, on the part of the appellant, that this common law rule prevails in this State; and the contention is sustained by some of the earlier cases decided by this court. It must be remembered, however, that the equitable theory of a mortgage has, in process of time, made in this State material

encroachments upon this legal theory. (*Barrett* v. *Hinckley*, 124 Ill. 32).

In *Barrett* v. *Hinckley, supra,* after announcing the rule that, by the execution of the mortgage, the entire legal estate passed to the mortgagee, and the mortgagee might maintain ejectment as well before as after default, unless it was agreed or provided in the mortgage that the mortgagor should retain possession until default in payment, this court said: "This is the view taken by the common law courts of England, and which has obtained, with certain limitations, in most of the States of the Union, including our own, in which the common law system prevails." The doctrine is still maintained, that the mortgagee can bring ejectment against the mortgagor, but the tendency of the later decisions has been to hold that this right has been so far limited, as to confine the bringing of the action to cases where the condition of the mortgage has been broken, or where there has been failure to make payment of principal or interest according to the terms of the mortgage. The more reasonable rule is that the title exists for the benefit of the holder of the mortgage indebtedness, and as a means of coercing payment of that indebtedness. (*Barrett* v. *Hinckley, supra*). The general doctrine on the subject is thus stated in *Esker* v. *Heffernan,* 159 Ill. 38: "Our present statutory form of mortgage, containing, as it does, the word 'warrant,' and carrying with it all covenants of title, does not materially differ from the common law form of mortgage, and it follows, therefore, that the mortgagee may maintain an action of ejectment, after condition broken, against the mortgagor or any other person in possession of the mortgaged premises." The rule that the mortgagee can only bring ejectment against the mortgagor after condition broken seems to be sustained by the following authorities in this State: *Vansant* v. *Allmon,* 23 Ill. 26; *Kilgour* v. *Gockley,* 83 id. 109; *Oldham* v. *Pfleger,* 84 id. 102; *Mester* v. *Hauser,* 94 id. 433; *Anderson* v. *Strauss,* 98 id.

485; *Taylor* v. *Adams*, 115 id. 570; *Davis* v. *Dale*, 150 id. 239; *Esker* v. *Heffernan, supra.* If, therefore, it shall turn out that the agreement for the extension of the indebtedness in this case was valid, and that the appellees were not guilty of any failure to pay the principal or the installments of interest when they became due, the appellant was not authorized to bring ejectment against them, as in such case it will appear that the action was brought before condition broken.

Even, however, where the rule prevails that the mortgagee can bring ejectment before condition broken, he is estopped from doing so, if, by the terms of the mortgage itself, the mortgagor is permitted to retain possession until he makes default in payment. This is well settled by the authorities already referred to. Although some of the cases seem to hold that the mortgagee may maintain ejectment before condition broken as well as after, unless it is expressly provided that the mortgagor may retain possession until default in payment, yet the weight of authority is in favor of the position, that the permission, granted to the mortgagor to hold possession until default, may be implied from the terms of the mortgage, even though there is no express provision to that effect. In *Hobart* v. *Sanborn*, 13 N. H. 226, where the rule was announced, that a mortgagee in fee may enter immediately after the execution of the mortgage and put out the mortgagor and receive the rents and profits if there be no agreement to the contrary, it was said that "such breach is not essential to entitle the plaintiff to recover, unless it appear expressly or by necessary implication that the mortgagor should remain in possession." The case of *Hobart* v. *Sanborn, supra,* is referred to with approval by this court in *Carroll* v. *Ballance, supra,* in a discussion of this very doctrine. So, in *Jamieson* v. *Bruce*, 6 Gill & John. 74, it was held that the right of the mortgagor to continue in possession until default in payment may be evidenced, not only by an express covenant to that effect,

but "by fair inference or necessary implication from the instrument."

In the case at bar, it is a fair inference from the language of the trust deed that the appellees, as mortgagors, were to remain in possession of the premises until default in payment according to the terms of the mortgage. The trust deed provides that, upon breach of any condition in the mortgage set forth, that is to say, upon failure to pay according to the terms of the mortgage, the grantors waive all right to the possession and income and rents of the premises. This implies, that the right to possession and to collect the rents was in the mortgagors, and was not to be surrendered to the mortgagee until default, or breach of condition. Again, the trust deed provides that, upon breach of condition, that is to say, on failure to pay, it shall be lawful for the mortgagee, and he is thereby authorized, to enter into and take possession of the premises, and to let the same and collect the rent thereof. If it shall not be lawful for the mortgagee, and he is not authorized to take possession except on breach of condition, the inference is that it will be unlawful for him, and he will not be authorized, to enter and take possession before breach of condition.

Therefore, even under the strict rule contended for by the appellant, we are of the opinion that the right of the mortgagors to hold possession as against the mortgagee until breach of condition is a necessary implication, as well as a fair inference, from the language of the trust deed here under consideration. The terms of the trust deed operate as a restraint upon the right of the appellant, as mortgagee, to commence an action of ejectment to recover possession before default on the part of the mortgagors.

*Second*—The second contention made by the appellant is, that the agreement for the extension of the indebtedness after its maturity was invalid, and that, there being no valid extension, this suit was brought after condition

broken, because the principal note, being payable in three years, was by its terms due on October 14, 1898, and this suit was brought on January 26, 1900. The question then arises, whether the agreement for extension, made on October 14, 1898, was a valid agreement and binding upon the appellant and upon John B. Mason, the holder of the note secured by the trust deed.

It is claimed by appellant, that the agreement for extension is invalid, because it was signed only by appellees who were the makers of the note and trust deed, and not by appellant, the trustee, or by Mason, the holder of the note. Upon the back of the note was the following endorsement: "The time of payment of the within note is hereby extended for three years as per agreement attached." The evidence does not show who made this endorsement upon the note, but it is to be presumed that it was made by the appellant, as the note was in appellant's possession. The written agreement, extending the note for three years from October 14, 1898, subject to the payment of interest thereon at six per cent per annum, payable semi-annually, was attached to the note itself, which was in the hands of appellant, and both the note and the written agreement were introduced in evidence by the appellant as a part of his own testimony. The proof shows, that the written agreement was drawn by the appellant or by a clerk in his office, and was sent to the appellees to be executed by them. When it was signed by the appellees, it was returned to the appellant. The appellees thereafter paid the semi-annual installments of interest falling due in April, 1899, and in October, 1899. After this suit was brought on January 26, 1900, the installment of interest falling due on April 14, 1900, was tendered to appellant, but refused by him. The acceptance by the appellant of interest during the period of extension, and his endorsement in writing of the extension upon the note as per agreement attached, thereby referring to the agreement itself, amount to a ratification

and acceptance of the agreement; and such ratification and acceptance are binding upon the appellant, although the agreement was not signed by him, but only by the appellees.

In *Western Union Tel. Co.* v. *Chicago and Paducah Railroad Co.* 86 Ill. 246, where a contract between a railway company and a telegraph company was reduced to writing and signed by the telegraph company alone, and not by the railway company, it appeared that a copy of the contract was sent to the railway company and accepted by them, and that, under it, the telegraph company made expenditures, and both companies acted upon the terms of the contract; and it was held that, by the acts of acquiescence, adoption and recognition by the railway company of the terms of the contract, it was binding on the latter, although such company did not formally execute the same.

Here, appellant and appellees acted under the contract, because appellees paid interest and appellant received interest according to the terms of the contract, and appellant accepted the contract and attached it to the note, and endorsed on the note an extension according to its terms.

*Ames* v. *Moir*, 130 Ill. 582, and *Plumb* v. *Campbell*, 129 id. 101, are cases where written contracts, signed by one party only, were held to be binding upon the party not signing upon the same general grounds as are stated in *Western Union Tel. Co.* v. *Chicago and Paducah Railroad Co. supra.*

It is claimed by the appellant that he was a mere trustee, and not the holder of the note, and that, for this reason, the agreement for extension was not binding upon Mason, the holder of the note. It appears conclusively that, when the endorsement already referred to was made upon the note, and when the agreement for extension was executed by the appellees and accepted by appellant, the note was in the possession of the appellant. By

entrusting appellant, as trustee, with the possession of the note, the holder of the note held him out to the appellees, the mortgagors, as having the authority to make the agreement for extension. It is held that, where a trustee has possession of the note secured by the trust deed after its maturity, it may be inferred that he has authority to receive payment of it. (*Stiger* v. *Bent*, 111 Ill. 328; *Cooley* v. *Willard*, 34 id. 68). If his possession of the note after maturity authorizes him to receive payment of it, his possession of it after maturity must be regarded as authority, conferred upon him by the holder of the note, to grant an extension of the terms of payment, especially when it appears that the agreement was acted upon by the parties. As the appellant, being trustee, accepted the payments of interest made pursuant to the terms of the extension, it must be presumed that he accepted such payments, as the agent of the holder of the note, inasmuch as the note was in his possession. Counsel for the appellant refer to the case of *Hide and Leather Bank* v. *Alexander*, 184 Ill. 416, as holding contrary views upon this subject to those here expressed. But an examination of that case will show that its facts are so different from those in the case at bar, as to make it of no controlling effect here.

In view of the grounds upon which this case is disposed of, as above stated, it will be unnecessary to consider the cross-errors assigned by the appellees. We hold that the action of ejectment was improperly brought, because it was brought before condition broken, and that, the agreement for extension being valid, appellees were not guilty of any default in the payment of interest according to the terms of the agreement for extension. Hence, it is immaterial, so far as the interests of the appellees are affected, whether the court erred in sustaining the demurrer to the special plea or not; and it is also immaterial whether or not the court erred in excluding the portion of the bill of foreclosure offered in evidence

by the appellees; and it is also immaterial whether or not the supplemental record, filed in this court by the appellees, was properly filed.

The court below committed no error in instructing the jury to find for the appellees, the defendants below.

Accordingly, the judgment of the superior court of Cook county is affirmed.                *Judgment affirmed.*

This case was originally assigned to the late Justice PHILLIPS, but, as he prepared no opinion, the case has been re-assigned since his death.