**James S. Dexter, Appellee, v. Burt Baxter, Appellant.**

**Gen. No. 8,943.**

Opinion filed July 6, 1935.

MADDEN & LADEN, of Rockford, for appellant.

SEYSTER, FEARER & FEARER, of Oregon, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

On June 7, 1920, Burt Baxter and wife Blanche E. Baxter executed a real estate mortgage, by which they conveyed certain premises in Rockford to Horace Dexter, named therein as mortgagee. This mortgage was given to secure the payment of a note of that date for $2,500 payable to the order of Horace Dexter five years after date. On June 8, 1934, James S. Dexter, filed his complaint in equity to foreclose this mortgage. The complaint, among other things, recited that on or about December 8, 1920, Horace Dexter, being the owner and holder of said note and mortgage, died and that thereafter and on August 28, 1923, said note and mortgage were duly assigned to the plaintiff, James S. Dexter. The complaint further alleged that on August 10, 1926, Burt Baxter and Blanche E. Baxter conveyed the premises therein described to Alfonso Fanara and Concetta Fanara, subject to said mortgage; that thereafter the Fanaras executed a

mortgage upon the same premises to Burt Baxter, subject to the Dexter mortgage. The complaint demanded judgment against Burt Baxter and Blanche E. Baxter for the amount due upon the $2,500 note, together with costs and solicitor fees, and in default of such payment that the mortgaged premises be sold.

Burt Baxter, Blanche E. Baxter, Alfonso Fanara and Concetta Fanara filed answers, in which they admitted the material allegations of the complaint, but as a defense to the demand of the plaintiff for a personal judgment against Burt Baxter and Blanche E. Baxter, these defendants alleged that after the sale of the premises described in the mortgage by them to Alfonso Fanara and Concetta Fanara, the plaintiff, without the consent of Burt Baxter or Blanche E. Baxter, extended the date of the maturity of the note and mortgage secured thereby. The cause was referred to the master, who found that there was due the plaintiff the principal sum, together with interest thereon from December 7, 1932, and that Burt Baxter is obligated to personally pay the principal note and with Alfonso Fanara and Concetta Fanara is liable for the accumulated interest thereon since June 28, 1928, and recommended a decree of foreclosure and sale. Upon a hearing before the chancellor, the master's findings were approved, and a decree was rendered on January 19, 1935, finding, among other things, that the amount due on that date was $2,832.43 and decreed that the plaintiff have and recover of Burt Baxter said sum, together with attorney fees and all the costs of the proceeding, and that the plaintiff have execution therefor. The decree further provided that in default of such payments, the master should at once make and deliver to the plaintiff a certificate as provided by the statute in effect at the time this mortgage was executed. From this decree Burt Baxter has perfected this appeal.

It is earnestly insisted by appellant that the decree is erroneous in two respects: First, in finding that he is personally liable for the payment of the amount found due, and second, in providing that execution should issue therefor.

The evidence so far as material to the disposition of the issues raised on this appeal discloses that on August 10, 1926, appellant and his wife conveyed the mortgaged premises to Alfonso Fanara and Concetta Fanara. This conveyance was made subject to the mortgage of June 7, 1920. Upon the same day that the conveyance was made to the Fanaras, the Fanaras executed to appellant a second mortgage upon the same premises. Prior to this time and on June 6, 1925, appellant and appellee signed an extension agreement. This instrument recited that appellee had agreed to extend the date of the maturity of the $2,500 for a term of three years from June 7, 1925, in consideration of which appellant, as owner of the real estate described in the mortgage, agreed to pay the interest to appellee on the said principal note at the rate of six per cent semiannually until June 7, 1928, and at the rate of seven per cent thereafter. On June 28, 1928, another extension agreement was signed by Alfonso Fanara and Concetta Fanara only. This instrument recites that appellee has agreed to extend the date of the payment of the $2,500 for a period of two years from June 6, 1928, and that the Fanaras were to pay interest on the principal note at the rate of seven per cent per annum after June 6, 1928. Appellee did not execute this instrument. The names of Alfonso Fanara and Concetta Fanara appear thereon, they each having signed by mark, and the name of appellant appears thereon as a witness to said signatures. A similar instrument was again executed on June 6, 1931, extending the date of payment of the $2,500 note for three years from June 7, 1931. Appel-

lee did not execute this instrument, but the names of Alfonso Fanara and Concetta Fanara appear thereon and they signed their names by mark and appellant signed his name thereto as a witness to their signatures. The evidence further discloses that these three extension agreements were on printed forms and that all the writing that appears thereon was written by appellant, except the signature of appellee on the first extension agreement, which is dated June 6, 1925. All of these extension agreements were delivered by appellant to appellee immediately following their execution and on the same day and accepted by him. It further appears from the evidence that appellant, at the time he delivered the last instrument to appellee, wrote on the back of the $2,500 note the words, ''This note is hereby extended to June 7th, 1934.''

From this evidence the master found that the original extension agreement signed by appellant and appellee extended the period of payment of the principal note and interest thereon to June 7, 1928; that Blanche E. Baxter was not a party thereto and that she therefore has been released from any personal liability thereon; that the last two extensions were made with the consent of appellant and at his request and procurement, and therefore appellant is not released from personal liability upon the original note.

It was the contention of appellant before the chancellor and it is his contention here that appellee, in accepting the several extension agreements executed by the Fanaras, released appellant from all personal liability upon his note, notwithstanding the fact that appellant procured the execution of said agreements and consented thereto, and notwithstanding the fact that these instruments were not in fact executed by appellee. Counsel in their argument state that a like question has never been passed upon by the Supreme or any of the Appellate Courts of this State, but that an analogous question was presented in the case

of *Prudential Ins. Co. v. Bass,* 357 Ill. 72, and this case and *Kransz v. Uedelhofen,* 193 Ill. 477, are the only Illinois cases cited in their brief and argument upon the first question presented for review by this appeal.

In *Prudential Ins. Co. v. Bass, supra,* it appeared that Arthur S. Bass and wife executed a mortgage to the Prudential Ins. Co. to secure the payment of a promissory note which became due December 10, 1926. On October 26, 1924, the mortgagors conveyed the mortgaged premises to Harry E. Buckles and C. R. Hawkins, who assumed and agreed to pay the note theretofore executed by the Basses to the insurance company as part of the purchase price. On December 29, 1926, Buckles and Hawkins and their respective wives entered into an extension agreement, by the terms of which the interest was reduced to five per cent and the payment of the principal sum was extended to December 10, 1931. The only question presented for determination was whether this extension agreement had the legal effect of discharging the mortgagors from personal liability for the debt. The Supreme Court held that it did, stating that they never consented, expressly or otherwise, to the extension agreement and had no knowledge thereof until December 30, 1931. We are unable to see how the holding in this case sustains the appellant's contention here as in the instant case the Fanaras, in obtaining title from appellant to the mortgaged premises, took the same subject to appellee's mortgage and did not assume or agree to pay the debt secured thereby. Furthermore, the only extension agreement executed by appellee was also executed by appellant and the two subsequent extension instruments were not executed by him, but were prepared by appellant, and after having been executed by the Fanaras only were delivered to appellee by appellant. If, however, it is assumed that appellee was bound by their provisions from the fact that he did receive them, they were as

a matter of fact delivered to him by appellant, who prepared them, knew of their contents and such acceptance must be held to have been with his, appellant's, procurement, knowledge, consent and approval. Counsel for appellant insist that even though the last two extension agreements were executed only by the Fanaras, still the acceptance of interest by appellee would amount to a ratification and acceptance of such extension and call our attention to *Kransz v. Uedelhofen, supra.* That case was an ejectment proceeding brought by the trustee in a trust deed given to secure the payment of a promissory note against the mortgagors or grantors who executed the trust deed. It was contended by appellees that the action was prematurely brought as the payment of the indebtedness secured by the trust deed had been extended. Appellant insisted that the extension was invalid as it was only signed by the makers of the note and trust deed and not by the trustee or holder of the note. In holding against appellant's contention, the court said that the note itself bore an indorsement to the effect that its time of payment had been extended for three years as per agreement attached, and that while the evidence did not show who made this indorsement, it would be presumed that it was made by appellant as it was in his possession; that the acceptance by appellant of interest during the period of extension and his indorsement in writing of the extension referring to the agreement itself amounted to a ratification and acceptance of the agreement even though the agreement itself was not signed by him.

What the court held in *Prudential Ins. Co. v. Bass, supra,* was that where a mortgagor conveys mortgaged property to a third person and the grantee assumes and agrees to pay the mortgage debt, the mortgagor then occupies the relation of a surety for the payment of the debt and the grantee who assumes the payment of the debt becomes the principal debtor and

if thereafter the mortgagee enters into a contract with the grantee to extend the time of payment without the consent of the mortgagor, that then the mortgagor is discharged from personal liability for the debt.

In Reeve Illinois Law of Mortgages and Foreclosures, vol. 1, sec. 310, it is said that a mortgagor is released from liability for the mortgage debt when he conveys the property subject to the mortgage, which the grantee assumes to pay, and thereafter without the knowledge of the mortgagor, the mortgagee enters into an agreement with the grantee, extending the time for paying the mortgage debt, the reason for the rule being that by making such a contract with the mortgagor's grantee, the original obligation of the mortgagor is materially changed. In sec. 298 of the same work, the author states that if a mortgagee, with knowledge of the conveyance of the property and the assumption by the grantee of the mortgage debt, extends the time of payment by a valid agreement between him and the grantee, such extension operates to discharge the original mortgagor *if he does not consent to the extension.*

In 19 R. C. L. 384, it is said: ''The mortgagor or intermediate grantee may consent to an extension and thereby waive his right to claim a discharge; and his consent need not be by express agreement but may be by tacit acquiescence or ratification'' and in *Williams v. Gooch,* 73 Ill. App. 557, in commenting upon the rule which relieves a surety on a promissory note from liability where an extension of payment has been granted, the court says: ''It was never intended to relieve from liability a surety who had induced the extension or had connived at it.''

In the instant case the Fanaras did not assume the payment of appellee's mortgage, but they bought only appellant's equity of redemption. The extension agreements of 1928 and 1931, if binding upon appellee, were made by the procurement of and with the con-

sent of appellant. Furthermore, the evidence discloses that the Fanaras never paid appellee anything, but that all of the money that was ever paid to appellee upon this note was paid by appellant. Appellant has a second mortgage on these premises and it is a reasonable inference that what was done by appellee in delaying foreclosure was done with the consent of appellant. There appears indorsed on the note in appellant's own handwriting the words "This note is hereby extended to June 7th, 1934." From the undisputed facts as they appear in this record, appellant is estopped from now insisting, in this proceeding, that he has been exonerated from personal liability and in so far as the decree found that appellant was not released from personal liability upon the note executed by him in 1920, it is clearly right and sustained by the authorities.

The decree, however, erroneously awards an execution against appellant. Appellee concedes this could not be done under the former practice but insists that under section 44 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 172, appellee had a right to a judgment and an execution against appellant without waiting for a sale of the mortgaged property. We do not think so under the allegations of this complaint. It discloses that this was an ordinary proceeding in equity to foreclose this mortgage and not a proceeding at law upon the note secured by the mortgage. There is no necessity, however, of reversing the decree and remanding the cause, as all that need be done is to strike therefrom the words, viz.: "and that the plaintiff have execution therefor" which appear in the decretal portion of the decree.

The decree appealed from will be modified as indicated in this opinion and as modified it will be affirmed. Appellee will pay the costs in this court.

*Decree modified and affirmed.*