ROBERT SEAMAN

*v.*

LEWIS H. BISBEE *et al.*

*Filed at Ottawa June 13, 1896—Rehearing denied October 16, 1896.*

1. MORTGAGES—*extent of mortgagor's interest in the mortgaged premises.* A mortgagor is the legal owner of the mortgaged premises against all persons except the mortgagee.

2. EVIDENCE—*when abstract of title is properly admitted.* An abstract of title is admissible to show that a conveyance appeared upon it when exhibited to a party taking a mortgage upon the premises, and as a reason for obtaining a quit-claim deed from one who appears to have made a mortgage upon the land.

3. SAME—*subsequent indebtedness of husband does not invalidate voluntary deed to the wife.* Evidence of indebtedness of a husband long subsequent to conveyances to his wife alleged to be voluntary is inadmissible to show his insolvency or invalidate such conveyances, or to invalidate a conveyance by a third person to the wife of land which the husband is not shown to have paid anything upon.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

JOHN C. PATTERSON, for plaintiff in error.

W. N. GEMMILL, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error sued out a writ of attachment in aid of a pending suit against Lewis H. Bisbee, one of the defendants in error, and the writ was levied upon four lots in the city of Chicago. Jane E. Bisbee, the other defendant in error, filed her interpleader, alleging that she was the owner in fee simple of the property so levied on. Plaintiff replied that the property was not the property of said Jane E. Bisbee, and also that the conveyances under which said Jane E. Bisbee claimed title to said real estate were made to disturb, hinder, delay or defraud the plaintiff as a creditor of said Lewis H. Bisbee,

and were therefore void. Issues were made up and the cause was tried, resulting in a verdict finding the issues as to the interpleader for the said Jane E. Bisbee, and the right of property to be in her in fee simple.

It is claimed that this verdict was against the evidence in the case, because it was proved that the Northwestern Mutual Life Insurance Company held a mortgage on the premises, and therefore the legal title was in the mortgagee. This claim is not sustainable. The mortgagor is the legal owner of the mortgaged premises against all persons except the mortgagee. *Hall* v. *Lance*, 25 Ill. 277; *Emory* v. *Keighan*, 88 id. 482; *Barrett* v. *Hinckley*, 124 id. 32.

The same question is raised upon objections to instructions to the jury, and must be disposed of the same way.

The court admitted in evidence an abstract of title to the premises, and it is claimed that this was wrong. The abstract was exhibited to a witness, who testified that a party who was taking a mortgage upon the premises objected to the title as appearing by the abstract, and requested a quit-claim deed from one Charles Proebsting, because it appeared from the abstract that he had made a trust deed on the lots. The abstract was admitted only to show that such a conveyance did appear, and as affording a reason for obtaining a quit-claim deed from Proebsting. It was not wrong to admit it for that purpose.

It is also insisted that the court erred in excluding competent evidence tending to show the insolvency of Lewis H. Bisbee in 1884. The evidence offered consisted of a statement signed by him and letters written by him, showing indebtedness to plaintiff of about $40,000. It would be proper to examine into the general state of his affairs at any time when there was any evidence from which the jury might infer that a voluntary conveyance was made, for the purpose of determining whether he could have made such a conveyance with due regard to the rights of his creditors. But the evidence offered did

not relate to any such period. The conveyances, the validity of which were challenged, were all made long before this indebtedness accrued, with the exception of deeds for one lot, made in 1884 by Elias Trumbo and wife and Farlin Q. Ball and wife to Jane E. Bisbee. This lot was wholly paid for by mortgaging the entire premises. There was no evidence tending to show that Lewis H. Bisbee ever paid anything on that lot, and if the previous transactions by which the title to the remaining three lots was vested in Jane E. Bisbee were valid, there was nothing tending to impeach the transaction as to the fourth lot, which was paid for by mortgaging it and the other lots. This evidence did not tend to prove the indebtedness or financial condition of Lewis H. Bisbee at any time when the alleged voluntary conveyances were made or procured, and we think it was properly rejected.

Seeing no reversible error in the record the judgment will be affirmed.

*Judgment affirmed.*