AUGUST SCHUMANN

*v.*

LEVI SPRAGUE *et al.*

*Opinion filed February 20, 1901—Rehearing denied April 4, 1901.*

1. EJECTMENT—*mortgagee cannot recover under declaration alleging fee simple title.* Neither the mortgagee nor his grantees can recover, in ejectment, under a declaration claiming title in fee simple.

2. SAME—*barred mortgage is not a muniment of title.* If the debt and mortgage are barred the mortgage is no longer a muniment of title in the mortgagee, and hence his deed purporting to convey the fee simple title furnishes no basis for ejectment by his grantee against parties in possession of the premises.

APPEAL from the Circuit Court of Cook county; the Hon. EDWARD P. VAIL, Judge, presiding.

This is an appeal from the circuit court of Cook county to reverse a judgment in favor of appellees, against appellant, in an action of ejectment, involving certain lands in Cook county.

In 1874 John S. Ferguson, of New Brunswick, was the owner of the land in controversy, having purchased it in 1868. On November 10, 1874, he executed and delivered a deed thereto to John Greenbank, of Philadelphia, which deed was not placed upon record until November 15, 1886. On March 1, 1882, and before the recording of that deed, John S. Ferguson and his wife, Rachel, executed a deed purporting to convey the same land to one Ransom, who on the same date conveyed it back to Mrs. Ferguson. In July, 1891, a bill in chancery was filed by John Greenbank in the United States Circuit Court for the Northern District of Illinois, seeking to have the deed from Ferguson to Ransom, and from the latter back to Mrs. Ferguson, (and other tax deeds which are not in question in this case,) set aside as clouds upon his title, claiming himself to be the owner in fee, and praying that upon a final hearing his "title may be established and confirmed, and

the cloud created by each of said deeds, as above set forth, upon the premises aforesaid, removed, set aside and the deeds declared null and void," etc. To this bill Rachel Ferguson filed an answer, denying all title in Greenbank, and alleging that the deed under which he claimed never became effective as a deed, but was made and delivered to complainant to become effective upon certain contingencies which never happened, and claiming the fee in herself. Her husband, John S. Ferguson, also filed an answer, alleging substantially the same facts. Before the hearing of the cause Mrs. Ferguson died, and the suit was continued against her husband, who by her will was made devisee of the land in controversy. The master in chancery to whom the cause was referred found for the complainant, but the court, upon exceptions to the master's report, reversed his finding and dismissed the bill. The order dismissing the bill makes a finding of facts "as stated in an opinion by WOODS, J.," and the facts stated in that opinion are as follows:

"I am not able to agree with the master's view of this case. I am convinced that the conveyance of November 10, 1874, instead of having been executed in discharge of the debt evidenced by the promissory note of April 10, 1874, was intended as a security additional to that theretofore given for the payment of that note, and perhaps for any other liability of Ferguson to Greenbank which might be incurred, and this being so, the deed, though absolute in form, was in equity only a mortgage, and affords no support for this action; or if this is not so, then the deed was made in fraud of creditors, upon a secret trust for Ferguson or for his wife and children. The complainant, after receiving the deed, though in straightened circumstances, did not act as if he considered the land his. He retained possession of the note, which, if paid, should have been surrendered. He permitted Ferguson to pay the taxes upon the land and to receive the

rents from it. His testimony is by no means positive to the contrary, and his letters, especially that of April 2, 1891, shows that he regarded Ferguson as still indebted to him, and that if the debt were paid the land ought to be re-conveyed. The testimony of Ransom shows that Mrs. Ferguson understood that Greenbank had advanced money and held the deed 'as securities.' If guided by Ferguson's testimony alone, the court would be compelled to find that the deed was made with the intent to put the property beyond the reach of Ferguson's creditors, and that Greenbank, having received and held the deed in furtherance of that design, has no standing in equity. It follows that the conclusions of the master should be set aside and the bill dismissed at the complainant's costs, but without prejudice to his rights as mortgagee. So ordered."

The order dismissing the bill was entered in September, 1893. On October 20, 1894, Levi Sprague and Harry J. Greenbank, the latter a son of John Greenbank, having by conveyance become the holders of whatever interest he, John Greenbank, held in the land in controversy, began this proceeding in ejectment. August Schumann, who is made a party defendant, is the tenant in possession, holding under a lease from Ferguson, but Ferguson defends in the tenant's name. To the declaration the general issue was filed. The case was first tried in 1897 by the court without a jury, who found for the plaintiffs. A new trial was had in 1899, resulting in favor of the defendant. Upon a new trial under the statute, had in September, 1900, the issue was again submitted to the court without a jury and the finding was for the plaintiffs. This appeal is to reverse the judgment rendered upon that finding.

PECKHAM, BROWN & PACKARD, for appellant.

LEVI SPRAGUE, for appellees.

Mr. Justice Wilkin delivered the opinion of the court:

Keeping in mind the universal rule that in actions of ejectment the plaintiff must recover upon the strength of his own title and not upon the weakness of the defendant's, what have the plaintiffs below shown to be the true title? They seem, according to one part of the argument of their counsel, to rely upon the deed from Ferguson to their grantor, Greenbank, as an absolute conveyance of the legal title, and that, even treated as a mortgage, the right of redemption having expired by the lapse of time, the title had become absolute in Greenbank. Whatever force there might have been in the last branch of this proposition (that is, that even if the deed should be treated as a mortgage the title had become absolute by lapse of time,) if it had been urged in the proceeding in chancery in the United States court, it can have no force whatever in this action. In that proceeding, the parties in interest having been before the court and the court having decreed that the deed was, at most, but a mortgage and dismissed the bill without prejudice as to complainant's rights as mortgagee only, and complainant having abided by that decree, the same (being still in full force and effect) is *res judicata* as to his rights, except such as he may have as mortgagee. In fact, it is admitted by counsel in another part of his argument that the decree of the court of chancery is *res judicata* between the parties as to the character of the conveyance to Greenbank, and the contention is that Greenbank, under that deed, became the absolute owner of the property by the expiration of the time of redemption. In other words, as we understand the argument of counsel, he admits that the decree is *res judicata* as to the character of the conveyance to Greenbank,—that is, that it was but a mortgage and not an absolute deed, and that the rights of Greenbank were those of a mortgagee only,— and yet, in direct contradiction of that admission, con-

tends that, notwithstanding that decree, the conveyance, for the purposes of this trial, has all the force and effect of an absolute deed. These positions are wholly irreconcilable, and the last is clearly untenable. The decree settled the character of the conveyance and the rights of the parties under it, refusing to confirm the deed as an absolute conveyance but leaving to Greenbank such rights as he might have as mortgagee.

What were the rights of Greenbank, as mortgagee, when he attempted to convey the fee simple title to the plaintiffs below, construing the decree as recognizing his rights as a mortgagee? The debt and mortgage had long since been barred by the Statute of Limitations, and the mortgage was therefore no longer a muniment of title in him. (Rev. Stat. chap. 83, sec. 11; *Pollock* v. *Maison*, 41 Ill. 516; *McMillan* v. *McCormick*, 117 id. 79.) He might have foreclosed the mortgage, or, after the breach, maintained ejectment as mortgagee, but it will scarcely be contended that he could, upon a declaration like the one filed in this case, claiming title in fee simple, have recovered, and no more can his grantees do so.

The case of *Green* v. *Capps*, 142 Ill. 286, relied upon by counsel as sustaining his position, has no application whatever to the case at bar, and the argument by which it is attempted to make it apply wholly ignores the force and effect of the decree in chancery.

In the view of the case we have taken in the foregoing opinion, other grounds of reversal insisted upon by the appellant become unimportant.

We entertain no doubt that the plaintiffs below wholly failed to establish the legal title to the premises in question in themselves, and the judgment of the circuit court is for that reason erroneous. It will accordingly be reversed.

*Judgment reversed.*