JOHN H. LADD, Appellee, *vs.* ERNEST C. LADD *et al.* Appellants.

*Opinion filed October 25, 1911—Rehearing denied Dec. 7, 1911.*

1. PLEADING—*where the statute requires certain matters to be pleaded other matters need not be pleaded.* Where a statute, by express enactment, provides what matters shall be pleaded other matters need not be pleaded.

2. SAME—*declaration in ejectment need not specify the character of the fee claimed.* While the statute requires a declaration in ejectment to specify whether the plaintiff claims in fee, or for his own life or the life of another, or for a term of years, it does not require that the particular character of the fee claimed be specified. (*Schumann* v. *Sprague,* 189 Ill. 425, explained.)

3. EJECTMENT—*a mortgagee may recover under a declaration claiming the fee.* A plaintiff in ejectment may recover under a declaration claiming the fee, which he supports by proof of a warranty deed absolute in form, notwithstanding the deed was taken in his name to secure a debt which is due and has not been paid.

4. SAME—*proof that a deed was intended as a mortgage cannot be offered in defense.* Proof that a deed was made to secure a debt cannot be offered as a defense in ejectment, but the defendant's remedy in such case is in equity to enjoin the prosecution of the ejectment suit and show the true character of the instrument. (*Finlon* v. *Clark,* 118 Ill. 32, approved.)

5. SAME—*effect where court of equity has declared deed to be a mortgage.* After a deed has been declared by a court of equity to be a mortgage, the records of the chancery suit may be introduced to show that fact in an ejectment proceeding.

6. MORTGAGES—*as against the mortgagor the mortgagee owns the fee.* The mortgagee, as against the mortgagor, is the owner

of the fee and entitled to all the rights and remedies which the law gives to such owner.

7. RES JUDICATA—*when a decree finding deed to be a mortgage does not bar recovery in ejectment.* A decree enjoining the prosecution of an ejectment suit for ninety days upon the ground that the plaintiff's deed was intended as a mortgage, and that the defendants should be allowed ninety days in which to pay the amount due, is no bar to recovery in the ejectment suit after the ninety days have expired, there being no proof that the money has been paid, as required by the decree.

APPEAL from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding.

STURTZ & EWAN, and WILSON & CUMMINGS, for appellants.

ANDERSON & ANDREWS, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This is a suit in ejectment brought in the circuit court of Henry county by appellee, against appellants, for the possession of two lots and the residence thereon, situated in the city of Kewanee, in said county. The trial court entered judgment in favor of appellee. This appeal followed.

This suit was filed to the November term, 1909, of said circuit court. At the same term appellants filed a bill in chancery to have the deed under which appellee claimed the premises declared a mortgage and the prosecution of the ejectment suit enjoined. It appears that April 1, 1906, appellants entered into a written agreement with Lay & Lyman whereby the latter agreed to convey the two lots in question to appellants upon payment of $2900; that appellants paid some $272 on the contract, and on September 6, 1906, entered into a verbal agreement with appellee (their uncle) whereby he agreed to pay the balance on said contract for the lots and advance money for building a house, provided

that the property was conveyed to him by warranty deed as security for the loan. In pursuance of this agreement appellee paid the balance due on the lots and advanced about $7349 more for the building of the house on them, and the warranty deed of the two lots was made to him by Lay & Lyman. When the house was completed appellants moved in and occupied it as their residence. They agreed to pay back the amount so advanced in monthly payments, which they claimed were to be at the rate of $50 a month, while appellee's testimony tended to show that the rate was $75 a month. Appellants also claim that they paid certain sums of money for labor and material on the house, which should be credited to them. The circuit court, after a hearing on the bill in chancery, enjoined the prosecution of the eject-ment suit until ninety days from the date of its decree, and declared that the deed in question was a mortgage given to secure the indebtedness, and that there was due appellee from appellants, under said deed, (so held to be a mort-gage,) $12,410.08, which should be paid within ninety days, with five per cent interest; that in default of such payment the master in chancery should sell the premises for the sat-isfaction of the debt, as is usual in foreclosures of mort-gages. This decree was entered on November 22, 1910. Appeal was prayed from it by both parties but neither ap-peal was perfected. After the expiration of the ninety days a hearing was had on this ejectment suit and judgment for possession of the premises rendered in favor of appellee.

The declaration in the ejectment suit alleged that appel-lee claimed the property in fee. Plea of general issue was filed by appellants, jury waived and the case heard by the court. The appellee offered the warranty deed from Lay & Lyman to show title in himself. Appellants offered the bill in chancery, answer and decree. Appellants thereupon moved to strike out all of appellee's evidence on the ground of variance between the declaration and the proof. This motion was overruled and exception taken. Appellants in-

sist that the court erred in this ruling. They argue that the appellee alleged in his declaration a title in fee simple, whereas the proof introduced showed that his title was that of a mortgagee, only, which gave him a qualified, base or determinable fee.

This court has stated in several decisions that the title of a mortgagee in fee in courts of law is regarded in the nature of a base or determinable fee. (*Barrett* v. *Hinckley*, 124 Ill. 32; *Lightcap* v. *Bradley*, 186 id. 510; *Ware* v. *Schintz*, 190 id. 189; *McFall* v. *Kirkpatrick*, 236 id. 281; Kales on Future Interests, sec. 18.) While the mortgagor is the legal owner of the mortgaged premises against all persons except the mortgagee, (*Seaman* v. *Bisbee*, 163 Ill. 91,) the mortgagee, as against the mortgagor, is held in this State, as under the common law, to be the owner of the fee, entitled to all the rights and remedies which the law gives to such owner. (*Oldham* v. *Pfleger*, 84 Ill. 102; *Esker* v. *Heffernan*, 159 id. 38; *Bradley* v. *Lightcap*, 195 U. S. 1.) It has never been intimated in any case in this State except *Schumann* v. *Sprague*, 189 Ill. 425, that the particular kind of fee should be alleged in the declaration in an ejectment suit. The statement in that case relied upon by appellants, to the effect that under a declaration claiming a fee simple title the mortgagee could not recover, was unnecessary for the decision of the case, as it had already been held in the opinion that the Statute of Limitations had run as to the debt as well as to the mortgage. Section 13 of the chapter on ejectment (Hurd's Stat. 1909, p. 945,) provides that in all ejectment suits the plaintiff shall state whether he claims in fee, or for his own life or for the life of another, or for a term of years, specifying such life or the duration of such term. Section 30 of that act provides for like specifications in the verdict, if in favor of the plaintiff. The fact that said section 13 provides that the declaration shall show the character of the estate if for life or for years but does not provide that it

shall show the character if a fee, furnishes a very strong argument that the legislature did not intend to require the particular kind of fee to be set out in the declaration. The reasoning of this court in *Almond* v. *Bonnell,* 76 Ill. 536, supports this conclusion. (See, also, Warvelle on Ejectment, sec. 184.) When the statute by express enactment provides what matters shall be pleaded, other matters need not be pleaded. (*Hankins* v. *People,* 106 Ill. 628; *Sheldon* v. *VanVleck,* 106 id. 45.) The declaration sets forth that the plaintiff "claims in fee." Under a fair construction of the statute, and by the great weight of authority, the court did not err in holding that there was no variance between the proof and the declaration.

Appellants further argue that the decree in the chancery suit is *res judicata* as to the character of the title held by appellee. Conceding this to be true, it does not follow that the trial court was in error in finding for appellee. It has frequently been stated that ejectment is an action at law and that only legal titles and rights are considered and adjusted; that if a party has equities he should resort to a court of equity for their assertion. (*Aholtz* v. *Zellar,* 88 Ill. 24; *Esker* v. *Heffernan, supra;* Warvelle on Ejectment, sec. 262.) It has also been held that proof that a deed was made to secure a debt could not be offered as a defense in ejectment; that the remedy is by a bill in equity to enjoin the ejectment suit and to show the true character of the instrument. (*Finlon* v. *Clark,* 118 Ill. 32; *McGinnis* v. *Fernandes,* 126 id. 228.) Counsel for appellants attempt to distinguish *Finlon* v. *Clark, supra,* from this case on the ground that there was no proof in that case that the deed was a mortgage. It was so held in *Clark* v. *Finlon,* 90 Ill. 245, and courts will judicially take notice of their own records. (*Taylor* v. *Adams,* 115 Ill. 570.) The doctrine of *Finlon* v. *Clark, supra,* has always been quoted by this court with approval. (*Barrett* v. *Hinckley, supra;* *German Ins. Co.* v. *Gibe,* 162 Ill. 251; *Waughop* v. *Bart-*

*lett,* 165 id. 124; *Esker* v. *Heffernan, supra.*) After a deed has been declared by a court of equity to be a mortgage the records of the chancery suit can be introduced in an ejectment proceeding to show that fact. In the early decisions in this State there are expressions indicating that an action of ejectment could be instituted by the mortgagee against the mortgagor before as well as after default, unless it was agreed or provided in the mortgage that the mortgagor should retain possession until default in payment. It is, however, now settled that the mortgagee can only bring ejectment against the mortgagor after condition broken. (*Kransz* v. *Uedelhofen,* 193 Ill. 477; 1 Jones on Mortgages,—6th ed.—sec. 27.) Not only can the fact that the mortgage debt has been satisfied or barred by the Statute of Limitations be shown in an ejectment suit under the general issue, (*Schumann* v. *Sprague, supra; McMillan* v. *McCormick,* 117 Ill. 79; *Pollock* v. *Maison,* 41 id. 516; 1 Jones on Mortgages,—6th ed.—sec. 719;) but the court will admit thereunder proof of the fact that there has been no default in payment. (*Finlon* v. *Clark, supra; Kransz* v. *Uedelhofen, supra.*) The burden of proof is upon the mortgagor to show that there is no breach of condition. (Kales on Future Interests, sec. 15.) The decree in the chancery suit showed that the chancellor did not intend to enjoin the prosecution of the ejectment suit beyond ninety days from the date of the entry of the decree. It proved also that appellants were in default. In this case, as in *Finlon* v. *Clark, supra,* appellants did not attempt to prove that the debt secured was not due, or that the same had been paid, or that the requirements of the decree in chancery had been carried out by them. It necessarily follows that on this record appellee was entitled to recover in the ejectment suit.

The judgment of the circuit court must therefore be affirmed.

*Judgment affirmed.*