JOHN H. LADD, Appellee, *vs.* ERNEST C. LADD *et al.* Appellants.

*Opinion filed October 26, 1912—Rehearing denied Dec. 6, 1912.*

1. EJECTMENT—*when it is not necessary to prove title in the common source.* Where both parties claim title through a common source, as provided in section 25 of the Ejectment act, it is not necessary to prove title in the common source but only from the common source.

2. APPEALS AND ERRORS—*when damages cannot be assessed although the appeal is prosecuted for delay.* Where a judgment in ejectment is affirmed on consideration of the errors assigned no damages can be assessed, even though it is apparent the appeal was prosecuted merely for delay, as section 23 of the Costs act applies only to judgments or decrees for the payment of money and section 101 of the Practice act only to cases of dismissal or affirmance for want of prosecution or failure to file an authenticated copy of the record.

APPEAL from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding.

STURTZ & EWAN, and JOHN T. CUMMINGS, for appellants.

ANDERSON & ANDREWS, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The judgment which was reviewed in the case of *Ladd v. Ladd,* 252 Ill. 43, was rendered at the February term, 1911, of the circuit court of Henry county. It was in ejectment, and after its affirmance and the denial of a petition for a rehearing, the defendants, against whom judgment was rendered, obtained a new trial under the statute, which resulted in another judgment against them, from which they have again appealed.

Besides the general issue a special plea was filed, to which a demurrer was sustained. No point was made on this ruling on the former appeal. This is the same case, and, so far as the pleadings are concerned, the record is in the same condition as on the former appeal. Errors then existing and not complained of were waived. The facts alleged in the special plea, so far as material, were admissible under the general issue and were so admitted on the first trial. It was held on the first appeal that they constituted no defense, and that the plaintiff was entitled to judgment whether the decree holding his deed to be a mortgage was in the record or out of the record. On the second trial no evidence was offered except the warranty deed from Lay & Lyman, the common source of title. In a case within the provisions of section 25 of chapter 45 of the Revised Statutes it is not necessary to prove title in the common source but only from the common source.

Every question in this case was determined on the first appeal and it is obvious that delay was the only object of the present appeal. The appellee has asked us for this reason to assess damages against the appellants. We cannot do so. Section 101 of the Practice act authorizes the assessment of damages only in cases of dismissal or affirm-

ance for want of prosecution or for a failure to file an authenticated copy of the record, and section 23 of chapter 33 only in cases of judgments or decrees for the payment of money.    *Judgment affirmed.*