George E. Lavelle, Appellee, v. Emanuel M. Steiner et al., Defendants.
In re Petition of Russell Firebaugh, as Trustee, Intervening Petitioner, Appellant.

Gen. No. 36,032.

Opinion filed March 29, 1933.

JOHN A. BLAKE, for appellant; ARTHUR ABRAHAM, of counsel.

JOSEPH FISHER, for appellee Ben Nuendorf.

MR. JUSTICE HALL delivered the opinion of the court.

By this appeal Russell Firebaugh, as trustee in a trust deed, seeks to have a decree reversed which dis-

missed for want of equity an intervening petition filed by him, as trustee, in a proceeding brought on October 19, 1931, by complainant to foreclose a trust deed on certain premises described therein. The trust deed was given to secure a bond issue in the total sum of $250,000. Of the total issue, complainant in the instant case held $19,000, which, by an agreement with the trustee, had been subordinated to the remainder of the issue. On the day on which the bill herein was filed, the court appointed a receiver for the property. Firebaugh, as trustee, had theretofore instituted a suit in the superior court of Cook county, Case No. 54,668, to foreclose the trust deed in question, and on October 28, 1931, upon the petition of Firebaugh, as trustee, the court entered an order extending the receivership of the receiver appointed in the instant case to case No. 54,668, the proceeding brought by Firebaugh.

Thereafter, on January 15, 1932, after obtaining leave of court, Firebaugh, as trustee, filed an intervening petition herein, to which answers were filed by the receiver and other interested parties including the owner of the equity redemption. By the intervening petition, Firebaugh set forth his right as trustee to the possession of the property under the terms of the trust deed, and prayed that the court direct the receiver to surrender to the trustee the premises described, together with the rents collected subsequent to the filing of the intervening petition. Various hearings were had on the petition of the trustee, the answers thereto of the receiver and the owner of the equity, and on March 21, 1932, the court entered an order dismissing the intervening petition of Firebaugh, as trustee, for want of equity. It is from this order that this appeal is prosecuted.

In view of the fact that the bonds held by the complainant in the instant case have been subordinated to the remainder of the issue, complainant's position is parallel to that of a second mortgagee, and his legal

status is the same. The lien in favor of the bond-holders, other than the $19,000 holding, is a prior lien. No answer to the intervening petition was filed by the complainant.

Complainant (appellee) does not take issue with the intervening petitioner upon the proposition that under the doctrine announced in *Rohrer v. Deatherage*, 336 Ill. 450, upon default under the prior lien of the trust deed the trustee in the first instance is entitled to possession of the property notwithstanding the prior appointment of a receiver on the bill brought by the complainant as the owner of the subordinated bonds. He states in his brief, "that the trustee under a prior encumbrance has the right on proper showing to obtain possession of the premises for which a receiver has been appointed under a junior mortgage foreclosure, is conceded, but that he may 'renege' and avoid the results of his own voluntary act, is emphatically denied." Complainant's contention is that because the trustee petitioned for and secured the extension of the receivership and acquiesced in the possession of the receiver, that the trustee is barred from maintaining his right to the possession of the property, and that at best the petition of the trustee to be put in possession of the property is addressed to the discretion of the court.

It seems to this court that it was not only proper but that it was the duty of the trustee to have petitioned the trial court to extend the receivership to the bonds having the prior lien in order that the rents collected by the receiver should be properly applied. In *Cross v. Will County Nat. Bank*, 177 Ill. 33, the Supreme Court said: "Undoubtedly, where the first mortgagee is not made a party defendant to a bill to foreclose filed by a second mortgagee, such second mortgagee, procuring the appointment of a receiver to collect the rents and profits, is entitled to have such rents and profits applied upon his mortgage to the exclusion of

the prior mortgagee; and, in such case, the prior mortgagee will not be entitled to payment out of the rents, until he files a bill to foreclose his mortgage and procures the receivership to be extended to his security.''

*Consumers Bond & Mortgage Co. v. Sadin,* 266 Ill. App. 141, was a proceeding exactly similar to the instant case, and in deciding the case, this court said:

''The petitioner contends that 'as first mortgagee its right to the possession and incidental rentals is absolute upon default and assertion of its right; that therefore chancellor should direct the receiver (appointed at the instance of the second mortgagee) to step aside and permit petitioner's exercise of its legal rights.' In the recent case of *Altschuler v. Sandelman,* 264 Ill. App. 106, we held that the appointment of a receiver to take charge of mortgaged premises under a junior mortgage does not destroy the right of a prior mortgage to take possession; that there is no merit in the contention that the latter can then only have the receivership extended as to it, and that it is error to dismiss, for want of equity, an intervening petition demanding that a receiver, appointed at the instance of a junior mortgagee, surrender possession to a first mortgagee; that there is no material difference or distinction between the rights of a first mortgagee in possession of premises prior to an appointment or attempted appointment of a receiver at the instance of a junior mortgagee, and the rights of a first mortgagee not asserted until after a receiver has been appointed and is in possession at the instance of a junior mortgagee; and that the appointment of a receiver at the instance of a junior mortgagee can only be made without prejudice to the right of the first mortgagee to the possession of the premises, if he sees fit within a reasonable time to assert that right.''

In *Rohrer v. Deatherage, supra,* the Supreme Court said: ''In this State a mortgagor is the legal owner

of the mortgaged premises against all persons except the mortgagee and his assigns. (*Williams v. Williams,* 270 Ill. 552; *City of Chicago v. Sullivan Machinery Co.,* 269 id. 58; *Seaman v. Bisbee,* 163 id. 91; *Barrett v. Hinckley,* 124 id. 32; *Emory v. Keighan,* 88 id. 482; *Hall v. Lance,* 25 id. 277.) While a mortgage conveys a title as between the mortgagor and the mortgagee, it is only a qualified title as security for the creditor during the existence of the debt, and the mortgagor is regarded as the owner of the land for all beneficial purposes, subject only to the rights of the mortgagee. (*Theiner v. Speckin,* 209 Ill. 181; *Fitch v. Pinckard,* 4 Scam. 69). *After condition broken, however, the mortgagee is, as between him and the mortgagor, the owner of the fee. Ladd v. Ladd,* 252 Ill. 43; *Ware v. Schintz,* 190 id. 189; *Waughop v. Bartlett,* 165 id. 124; *Esker v. Heffernan,* 159 id. 38; *Oldham v. Pfleger,* 84 id. 102; *Barrett v. Hinckley, supra.* The mortgagor has the right to sell or make leases of the premises, and his grantee or lessee will have the right of possession until default in the terms of the mortgage, but the mortgagor cannot make a lease of the mortgaged premises which will give greater rights than he himself possesses or will interfere with the right of the mortgagee to enter for condition broken. After condition broken, ejectment may be maintained by the mortgagee against the mortgagor or those to whom he may have assigned the equity of redemption. (*Taylor v. Adams,* 115 Ill. 570.) *Upon default in the condition of the mortgage the mortgagee has the right to possession against the mortgagor, his grantee, lessee or anyone claiming under him by any right. In such case the mortgagee has several remedies which he may pursue to enforce the payment of his debt. He may sue the mortgagor in assumpsit for a judgment upon the personal obligation; he may sue in equity for the foreclosure of the mortgage; or he may recover the posses-*

sion of the mortgaged property by an action of eject-ment. These remedies are concurrent or successive, as the mortgagee may deem proper, and he may pursue any two or all three of the remedies simultaneously. (Bradley v. Lightcap, 202 Ill. 154; Fish v. Glover, 154 id. 86; Harper v. Ely, 70 id. 581; Rogers v. Meyers, 68 id. 92; Carroll v. Ballance, 26 id. 9; Vansant v. Allmon, 23 id. 26.)"

In this proceeding the trustee, under the trust deed, having a prior lien on the premises involved and the income therefrom, is merely seeking an additional remedy given by the law and the court should have granted the prayer of the intervening petition. The cause is, therefore, reversed and remanded with the direction that the court enter an order setting aside the order dismissing the intervening petition and enter such order and take such steps as may conform to this opinion.

*Reversed and remanded with directions.*

WILSON, P. J., and HEBEL, J., concur.