Douglas Loan and Mortgage Company, Inc., Plaintiff in Error, v. Ray Isenberg et al., Defendants in Error, Consolidated with Herman Brams, Plaintiff in Error, v. Foreman Trust and Savings Bank et al., Defendants in Error. Continental Illinois Bank and Trust Company, Defendant in Error.

Gen. No. 36,758.

Opinion filed May, 2, 1934. Rehearing denied May 16, 1934.

WELCH & HOFFMAN, for plaintiff in error.

MAYER, MEYER, AUSTRIAN & PLATT, for defendant in error; M. PAUL NOYES, of counsel.

MR. JUSTICE WILSON delivered the opinion of the court.

This is a writ of error sued out by Herman Brams to review an order of the circuit court directing the Union Bank of Chicago, a receiver in a junior foreclosure suit, to pay to itself as receiver in a foreclosure of a senior mortgage, certain moneys collected by it while acting as receiver in the foreclosure suit brought by the junior mortgagee. The appeal also seeks to have reviewed an order entered denying a motion to vacate the first order.

The reasons advanced for the reversal of the original order are equally applicable to the second motion to vacate that order. From the facts it appears that there were three mortgages against the property. The original bill to foreclose was filed by the third mortgagee and on November 22, 1930, the Union Bank of Chicago was appointed as receiver. Thereafter, on December 1, 1930, the complainant here, Herman Brams, filed his bill to foreclose the lien of his second mortgage against the same property and on the same day procured the entry of an order extending the receivership for his benefit. These proceedings were consolidated on December 3, 1930.

The original bill filed in the cause prayed for the appointment of a receiver with power to collect the rents, to pay same to the persons entitled thereto in reduction of their indebtedness, to pay the taxes and with such other powers as would be incidental to the receivership. Subsequently, on April 3, 1931, the Continental Illinois Bank & Trust Company filed its bill to foreclose its first mortgage on the property in question and on April 27, 1931, procured the appointment of the Union Bank of Chicago as receiver in its then pending suit. On or about May 9, 1931, the Continental Illinois Bank & Trust Company, the complainant in the first mortgage foreclosure suit against the same

property as that involved in the foreclosure suit brought by the second and third junior mortgagees, appeared in the latter case and filed its petition asking to have the money in the hands of the receiver in the prior suit turned over to its receiver in the action in the foreclosure suit brought by it, the Continental Illinois Bank & Trust Company, and on May 9, 1931, such an order was entered by the chancellor. The order was based upon the proposition, as set out in the intervening petition, that the premises were sold for the 1928 taxes and that the intervening petitioner, Continental Illinois Bank & Trust Company, had paid out the sum of $1,218.95 to redeem the property from such sale, and should be reimbursed therefor out of the moneys collected by the receiver in the original foreclosure proceeding. At this time the Union Bank of Chicago, the receiver in the first suit, had in its possession the sum of $742.05, which it had collected from the rents, issues and profits of the property. The chancellor granted this petition and ordered the money paid for the benefit of the intervening petitioner.

It is unquestionably the law in this State that the appointment of a receiver in a proceeding to foreclose the lien of a junior trust deed perfects an equitable lien in favor of the junior incumbrancer upon the rents, issues and profits, to the exclusion of a senior incumbrancer who is not a party to the foreclosure proceedings. *Cross v. Will County Nat. Bank,* 177 Ill. 33; *Sullivan v. Rosson,* 223 N. Y. 217.

It is insisted, however, by the intervening petitioner that when it paid the taxes in question it became subrogated to the lien rights of the State for taxes. This is based on the assumption that taxes are a prior and superior lien to all other liens against the property. This statement is correct and the senior mortgagee had the right to pay taxes and to acquire a lien by

reason of the payment therefor against the property. In our opinion, however, this payment does not give the senior mortgagee the same rights as the State, but its lien right takes the same character as that previously held by it. *Pratt v. Pratt,* 96 Ill. 184; *Vincent v. Moore,* 51 Mich. 618; *Horrigan v. Wellmuth,* 77 Mo. 542. In other words, the amount paid for taxes by the senior mortgagee is added to the amount of its principal sum as stated in the mortgage or trust deed and upon foreclosure it is entitled to be reimbursed as to the total amount. This additional amount, represented by the tax as paid, is also secured by the senior mortgage and hence in that regard a senior lien but of the same character, and with the same security, viz., the first mortgage. It is insisted however that the original bill asked for the appointment of a receiver with power ''to pay taxes'' and was filed for the benefit of all parties interested. The right to pay taxes was extended to the receiver by the order of its appointment and not to the senior mortgagee. The prayer of the original bill stated that it was filed for the benefit of all parties, but in our opinion this was limited to all parties to the proceeding. The action to foreclose by the senior mortgagee was a separate and distinct action and started sometime after the original receivership.

The case of *Frankenstein v. Hamburger,* 76 N. Y. S. 818, cited by the intervening petitioner in support of its proposition that it had a right to participate in the funds, was one wherein the senior incumbrancer was a party to the original proceeding. *Sullivan v. Rosson,* 223 N. Y. 217. The case of *Colorado Wool Marketing Ass'n v. Monaghan,* 66 F. (2d) 313, was where money was advanced to the receiver to carry on the receivership.

In the view we take of the facts and the law pertaining thereto, the junior incumbrancer was entitled to

the rents, issues and profits up to the time of the appointment of the receiver at the instance of the senior mortgagee.

For the reasons stated in this opinion the order of the circuit court of May 9, 1931, directing the receiver to pay the sum of $742.05 to the Continental Illinois Bank & Trust Company, is reversed.

*Order reversed.*

HALL, P. J., and HEBEL, J., concur.