Union Federal Savings and Loan Association, Plaintiff-Appellant, v. Vincent E. Hunt, Defendant-Appellant, and Mabel W. Brown, Jr., Assignee, etc., Defendant-Appellee.

Gen. No. 9,962.

Opinion filed September 19, 1944.

LEONARD D. QUINN, THOMAS J. WELCH and VERA M. BINKS, all of Kewanee, for appellant.

HARRY E. BROWN and MABEL W. BROWN, both of Geneseo, for appellee; BARTLETT S. GRAY, of Geneseo, of counsel.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This appeal involves a dispute between a senior and junior mortgagee over rents collected from the mortgaged premises by a receiver.

Appellant, Union Federal Savings and Loan Association, instituted this suit to foreclose upon certain residence property owned by Vincent E. Hunt, and pursuant to a mortgage thereon given by him to appellant association to secure a loan of $3,600. The complaint set up that the said Hunt was also indebted to the Union State Savings Bank and Trust Company, in the sum of $1,000, and had executed to it a subsequent and junior mortgage on the premises, to secure such loan.

The junior mortgagee, Union State Savings Bank and Trust Company, was then in receivership with Charles H. Albers acting as receiver. He filed answer on behalf of the junior mortgagee, setting up that he, as such receiver, was the legal holder of the note and mortgage as described in appellant's complaint.

Decree for foreclosure was entered on November 22, 1941. It found the existence of the indebtedness by Hunt to the senior and junior mortgagees, and that the mortgage of plaintiff appellant was a first and superior lien on the premises. Decree provided for sale in default of payment, and found that plaintiff appellant should be entitled to receive payment for any deficiency that might exist, and that the Master should specify the amount of any such deficiency in his report of sale, and that upon confirmation of such report of sale, the amount of such deficiency with interest should be paid the plaintiff appellant.

Otto C. Woerter had been substituted during the process of the suit for Charles H. Albers. On the day of the taking of the decree, November 22, 1941, the receiver Woerter petitioned the court for the appointment of a receiver, which petition prayed that such receiver should take charge of the premises, collect the rents during the period of redemption, and that the same should be applied toward payment of the indebtedness and costs due the junior mortgagee. Pur-

suant to such petition, the court on December 6, 1941, entered its order appointing a receiver for the premises, and ordered that the rents therefrom should be applied upon the indebtedness due to the junior mortgagee.

The plaintiff in the suit, appellant herein, upon learning of the above petition and order, on January 16, 1942, filed its motion to modify the above order, so that it would provide that the money collected by the receiver should be brought into court to be paid out under the order and direction of the court, instead of being paid directly to the receiver on behalf of the junior mortgagee, as provided for in the order. For cause for its motion, it set up that its mortgage pledged both the premises and the rents, profits and income therefrom, and that it, the plaintiff, was entitled to have such rents, income and profits applied to the discharge of its debt, in the event the premises did not sell for a sufficient amount to pay its debt, interest, and costs of suit. It does not appear this motion of plaintiff appellant was ever acted upon.

The Master filed his report of sale showing a deficiency of $500 on plaintiff appellant's debt. On June 6, 1942, the court rendered decree confirming the Master's report of sale, and deficiency. Thereafter, appellee, Mabel W. Brown, Jr., by motion was substituted as defendant for Otto C. Woerter, receiver, she having purchased the remaining assets of the Union State Savings Bank and Trust Company, of which the one concerned with herein was a part.

On June 5, 1943, the receiver filed his report showing that he had on hand the sum of $203.22 from rents received. On motion of appellee Brown, and over objections of plaintiff appellant, the court ordered the receiver to pay the above sum to appellee Brown, holder of the junior mortgage. The plaintiff appellant has appealed from such order. Appellee Brown has

assigned cross-appeal with respect to credit for $91.78 allowed the receiver for real estate taxes, which he had paid on the property involved.

Appellee seeks to invoke the rule that where a receiver is appointed in behalf of a junior mortgagee to receive the rents for his benefit, such junior mortgagee acquires a specific lien on the rents collected by the receiver, superior to any claim of the first mortgagee. In proper cases this rule applies. Jones on Mortgages (7th ed.), vol. 3, ch. XXXIII, sec. 1523. It is stated by the Supreme Court in *Cross v. Will County Nat. Bank,* 177 Ill. 33, on p. 39, that, "Undoubtedly, where the first mortgagee is not made a party defendant to a bill to foreclose filed by a second mortgagee, such second mortgagee, procuring the appointment of a receiver to collect the rents and profits, is entitled to have such rents and profits applied upon his mortgage to the exclusion of the prior mortgagee; and, in such case, the prior mortgagee will not be entitled to payment out of the rents, until he files a bill to foreclose his mortgage and procures the receivership to be extended to his security." It is upon this case appellee Brown relies.

The appointment of a receiver at the instance of a junior mortgagee is made without prejudice to those having prior rights in the property. And a receiver so appointed is only entitled to receive the rents and profits for the benefit of the junior mortgagee until such time as a prior mortgagee takes steps to have such receivership extended to his security. *Cross v. Will County Nat. Bank,* 177 Ill. 33, 39, 40; *Yoelin v. Kudla,* 302 Ill. App. 412, 428; *Douglas Loan & Mortgage Co. v. Isenberg,* 275 Ill. App. 76, 79, 80; High on Receivers (4th ed.), sec. 688.

It is generally considered that the exclusive right of a second mortgagee to the rents and profits of the mortgage estate under a receivership in a foreclosure proceeding, is limited to cases where the first mortgagee

is not a party to the suit. *Cross v. Will County Nat. Bank,* 177 Ill. 33, 39, 40; Jones on Mortgages (7th ed.), vol. 3, sec. 1524; *Miltenberger v. Logansport, C. & S. W. R. Co.,* 106 U. S. 286, 27 L. Ed. 117; High on Receivers (4th ed.), sec. 688.

It is observed by High on Receivers (sec. 688) that the general rule is that a junior mortgagee who obtains a receiver of the rents and profits in aid of a bill to foreclose his mortgage, is entitled to such rents and profits up to the time the prior mortgagee sees fit to assert his rights to the same and moves to have the order appointing the receiver extended for his benefit. And until this course is pursued by a prior mortgagee, the incumbrancer upon whose application the receiver was originally appointed is entitled to have the rents received applied in satisfaction of his demand, irrespective of any question of priority, since such rents are realized by his superior diligence. This is the rule in this State, evidenced by the cases cited herein.

We find here that soon after the order of the court appointing a receiver for the premises for the benefit of the junior mortgagee, appellant filed its motion to modify such order to provide that the money collected by the receiver should be brought into court to be paid out under the order and direction of the court, instead of being paid to the junior mortgagee; and that appellant as cause for its motion, set up that its mortgage pledged both the premises and the rents, profits and income therefrom; and that it was entitled as senior mortgagee to have such rents, income and profits applied to the discharge of its debt, in the event the premises did not sell for sufficient amount to pay same. This motion by appellant was filed a month before sale of the premises by the Master, such sale being on February 16, 1942.

A court of equity is always cautious not to interfere with the rights of a senior mortgagee, and especially so, where the foreclosure proceedings are instituted

by the prior mortgagee. This suit was instituted by appellant as first mortgagee. The State Savings Bank and Trust Company was made a defendant therein by virtue of its position as a junior mortgagee. The complaint prayed for sale of the premises in case of failure of the mortgagor to pay the debt within the time fixed, and for a deficiency judgment in case the premises did not sell for a sufficient sum to discharge its debt, interest and costs. The complaint further prayed that a receiver be appointed to take charge of the mortgaged premises during the pendency of the action and the time for redemption, to collect the rents and income therefrom. When appellant set up its priority as a first lien holder against the premises and the issues therefrom, and by its complaint prayed for a deficiency decree for such amount as might exist after sale, with prayer for appointment of receiver as aforesaid, it was in substance saying that it had an interest in any such fund that might arise by virtue of such receivership.

As stated in *Yoelin v. Kudla,* 302 Ill. App. 412, on p. 424, "It has been repeatedly held that where a receiver is appointed in one case and is in possession of the mortgaged premises, the court should upon a proper showing, extend the receivership to cover the premises in a foreclosure suit instituted by a prior mortgagee." And further, as on p. 428, that any exclusive right of a junior mortgagee to rents through the appointment of a receiver at his instance, is predicated not on his second mortgage, but on his superior diligence, and such exclusive right continues only so long as the prior mortgagee refrains from asserting his prior right. To the same effect are the cases of, *Douglas Loan & Mortgage Co. v. Isenberg,* 275 Ill. App. 76, 79, 80; *Lavelle v. Steiner,* 270 Ill. App. 131; *Altschuler v. Sandelman,* 264 Ill. App. 106; *Palmer v. Lewistown Nat. Bank,* 238 Ill. App. 492.

Appellant was the original plaintiff in this action and its debt was prior to any rights of the junior mortgagee to receive any money upon its indebtedness. The court erred in not granting plaintiff appellant's petition of January 16, 1942, to modify its order appointing the receiver, and the court erred in ordering the rent on hand paid to appellee Brown, the junior mortgagee.

Since the sum subject to distribution by the receiver is far less than the amount of appellant's deficiency, it is unnecessary to consider appellee's cross-appeal with respect to the item of payment of real estate taxes in the sum of $91.78.

The judgment and decree of the trial court is reversed and the cause remanded for further proceedings in accordance with the views hereinabove expressed.

*Reversed and remanded.*