2022 IL App (2d) 220143
No. 2-22-0143
Opinion filed July 21, 2022

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| MICHAEL VITE, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 19-CH-932 |
| | ) | |
| FRED VARGASON and ST. CHARLES | ) | |
| PONTIAC, INC., d/b/a Nissan of St. Charles, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Kevin T. Busch, |
| (Fred Vargason, Defendant-Appellant). | ) | Judge, Presiding. |

| | | |
|---|---|---|
| MICHAEL VITE, | ) | Appeal from the Circuit Court |
| | ) | of Kane County |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 20-CH-306 |
| | ) | |
| FRED VARGASON; ST. CHARLES | ) | |
| INVESTMENTS, LLC; NISSAN OF ST. | ) | |
| CHARLES INSURANCE AGENCY, LLC; | ) | |
| MILL CREEK INVESTMENTS, INC.; | ) | |
| ROYAL HAWK REINSURANCE | ) | |
| COMPANY; CKD INVESTMENT, INC.; | ) | |
| and POLSINELLI, P.C., | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Kevin T. Busch |
| (Fred Vargason, Defendant-Appellant). | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Presiding Justice Bridges and Justice Schostok concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant Fred Vargason appeals from the circuit court's April 1, 2022, order denying his motion to modify the receivership order that was entered on October 13, 2020. We conclude we lack jurisdiction and, therefore, dismiss the appeal.

¶ 2                                    I. BACKGROUND

¶ 3    This case involves two separate actions, case Nos. 19-CH-932 and 20-CH-306, initiated by plaintiff, Michael Vite, which were consolidated for discovery on October 7, 2020, against Vargason; St. Charles Pontiac, Inc., doing business as Nissan of St. Charles (dealership); St. Charles Investments, LLC; Mill Creek Investments, Inc.; Royal Hawk Reinsurance Company; CKD Investment, Inc.; and Polsinelli, P.C. We have previously generally described the actions. See *Vite v. Vargason*, 2020 IL App (2d) 200487-U (dismissing Vargason's appeal from a temporary restraining order). In the actions, Vite alleged in part that he had made a "Commissions Loan" to the dealership, which was owned by Vargason. The commissions loan consisted of deferred commissions to which Vite was entitled. He asserted, among other claims, a breach-of-contract claim based on the dealership's failure to repay the commissions loan and sought money damages.

¶ 4    Before filing the actions, however, in 2019, Vite filed a wage claim with the Department of Labor (Department) under the Illinois Wage Payment and Collection Act (820 ILCS 115/1 *et seq.* (West 2018)). The wage claim was duplicative of the breach-of-contract claim, in that it sought payment of unpaid commissions.

¶ 5    On October 13, 2020, the circuit court appointed Thomas Springer as receiver for all defendants in both actions (the receivership defendants), except Polsinelli, P.C., a law firm that

represented Vargason. In a written order, the court defined the scope of Springer's appointment. Springer had the sole authority to "[p]rosecute or defend any actions, suits, claims, or other proceedings before any *** administrative body *** on behalf and in the name of the Receivership Defendants," except that Springer had "no rights, powers, authorities, duties, responsibilities, or obligations with respect to any defense of *** Vargason, individually or personally." The order also required Vargason to immediately cease acting as an employee or agent of the receivership defendants and prohibited him from "attempt[ing] to exercise any corporate governance or management control over" the receivership defendants.

¶ 6    On October 21, 2021, an administrative law judge (ALJ) heard Vite's wage claim. Neither a representative of the dealership nor Vargason appeared. After hearing testimony, the ALJ found in Vite's favor and also determined Vargason was personally liable. See *id.* § 2; 56 Ill. Adm. Code 300.620 (2014) (providing for personal liability of corporate officers for wages and final compensation).

¶ 7    On December 13, 2021, Vargason moved to reconsider the ALJ's decision, asking the ALJ to vacate his decision and reset the hearing, so Vargason could attend and "defend our company position." On December 20, 2021, the Department's chief ALJ vacated the decision.

¶ 8    On December 29, 2021, Vite petitioned for a rule to show cause against Vargason, alleging Vargason violated the receivership order by representing to the Department that he had the authority to act for the dealership. On February 9, 2022, the circuit court issued the rule to show cause and ordered Vargason to appear on March 30, 2022, to show why he should not be held in contempt.

¶ 9    In the meantime, on February 18, 2022, Vargason filed a "Motion for Leave to Represent Corporation Before the Department of Labor," which is the subject of this appeal. In the motion,

Vargason asked the circuit court to modify the receivership order, specifically, by granting him the authority to defend the dealership in the proceedings before the Department and requiring Springer to cooperate with him in preparing and presenting such defense. He asserted Springer had denied any prior knowledge of the wage claim and, even after learning of it, refused to defend the dealership. Vargason "believe[d] there [was] a good defense to the [w]age [c]laim that [Springer] was failing to assert," and, because Vargason was subject to personal liability for the claim, he would be prejudiced by Springer's failure to defend the claim on the dealership's behalf.

¶ 10    On April 1, 2022, after a hearing, the circuit court found Vargason in contempt and also denied Vargason's motion to modify the receivership order.[1] The written contempt order required Vargason to take various actions to purge the contempt, including to inform the Department by letter that he was not authorized to represent the interests of the dealership.

¶ 11    On May 2, 2022, Vargason filed a notice of appeal. In the notice, Vargason asked this court to reverse "the [circuit] court's order entered April 1, 2022[,] denying [his] Motion for Leave to Represent Corporation before Department of Labor and ordering [him] to inform [the Department] that he is not authorized to represent the interests of [the dealership]."

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, Vargason contends the circuit court abused its discretion in denying his motion to modify the receivership order. Though Vargason's notice of appeal states he was seeking reversal of the portion of the order compelling him to inform the Department that he was not

---

[1]We note Vargason filed a separate appeal from the order holding him in contempt, which has been docketed in this court as appeal No. 2-22-0147.

authorized to represent the dealership, he offers no argument in his briefs as to that portion of the order.

¶ 14     Vite initially argues we lack jurisdiction over the appeal. He asserts Vargason's motion was, essentially, a motion to reconsider the October 13, 2020, receivership order. He notes that orders appointing a receiver may be appealed as of right within 30 days of their entry and motions to reconsider such orders do not toll the time to appeal. Thus, Vite argues, Vargason's notice of appeal, which was filed almost 19 months after the receiver was appointed, was not timely and must be dismissed.

¶ 15     We agree with Vite that we lack jurisdiction, but we do so on a slightly different basis. The order from which Vargason appeals was, in effect, an order refusing to modify an order appointing a receiver. As we will explain below, the order was not appealable as of right under Illinois Supreme Court Rule 307 (eff. Nov. 1, 2017).

¶ 16     Rule 307(a) permits a party to appeal certain types of interlocutory orders as of right, provided the party files a notice of appeal no later than 30 days after the order's entry. Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017). Such orders include those

> "(1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction;
>
> (2) appointing or refusing to appoint a receiver or sequestrator; [and]
>
> (3) giving or refusing to give other or further powers or property to a receiver or sequestrator already appointed." Ill. S. Ct. R. 307(a)(1), (2), (3) (eff. Nov. 1, 2017).

We review *de novo* whether this court has jurisdiction to entertain an appeal. *In re Marriage of Demaret*, 2012 IL App (1st) 111916, ¶ 25. When determining whether an order is appealable under

Rule 307, we construe broadly the term "injunction" by looking at the substance of the order, not its form. *In re A Minor*, 127 Ill. 2d 247, 260 (1989).

¶ 17 Vargason first asserts this court has jurisdiction under Rule 307(a)(1). He contends the receivership order prohibited him from acting as an employee or agent of the dealership. Thus, he argues, the order was injunctive in nature. And because the motion at issue requested a modification of that injunction, the order denying it was appealable under the rule.

¶ 18 We conclude that the order from which Vargason appeals, the April 1, 2022, order, did not refuse to modify an injunction and was not appealable under Rule 307(a)(1). The October 13, 2020, order appointed Springer as receiver of the dealership and defined the scope of his appointment. As relevant here, the scope of Springer's appointment included the sole authority to prosecute and defend claims before any tribunal. In effect, the order stated the receiver, but not Vargason, could defend claims on behalf of the receivership defendants, which included Vargason, except that Vargason was responsible for his own personal defense in such claims.

¶ 19 Admittedly, the order also prevented Vargason from defending the dealership from the wage claim, which could be considered injunctive in nature. See *id.* at 261. But not every order that requires or prohibits action is injunctive. *Id.* at 261-62. To call the October 13, 2020, order, which appointed a receiver and defined the scope of the appointment, an injunction would render Rule 307(a)(2) superfluous, as an order appealable under that rule would also be appealable under Rule 307(a)(1). See *Babcock v. Wallace*, 2012 IL App (1st) 111090, ¶ 10.

¶ 20 In any event, Vargason's motion sought leave to represent the dealership before the Department. In other words, Vargason sought to modify the scope of the receivership order, by changing who was permitted to defend a certain claim. Simply put, the order before us was an

order refusing to modify a receivership order, not an injunction. Accordingly, we lack jurisdiction under Rule 307(a)(1).

¶ 21 Before moving on to Vargason's asserted alternative basis to establish this court's jurisdiction, we note Vargason's notice of appeal asks us not only to reverse the circuit court's April 1, 2022, order denying his motion, but also to reverse the court's order requiring him to purge his contempt, in part, by informing the Department that he was not authorized to represent the dealership. This portion of the court's order was likely injunctive in nature. See *A Minor*, 127 Ill. 2d at 261. But that directive was included in the written contempt order, which is before us for review in Vargason's related appeal, No. 2-22-0147. Presumably, Vargason will challenge that condition of the purge in that appeal, and, in any event, he abandoned that portion of this appeal by not offering argument to support it.

¶ 22 Alternatively, Vargason contends "the order is appealable under *** Rule 307(a)(2) in that the [circuit] court refused to modify an order appointing a receiver." In support, he relies on *Union Federal Savings & Loan Ass'n v. Hunt*, 323 Ill. App. 622 (1944), which he contends was an appeal from the denial of a motion to modify a receivership order.

¶ 23 We disagree that Rule 307(a)(2) confers jurisdiction on this court, given the nature of the order at issue. The plain language of the rule, by which we are bound (*Babcock*, 2012 IL App (1st) 111090, ¶ 10), clearly confers jurisdiction on orders that have *only* either "*appoint[ed] or refus[ed] to appoint* a receiver." (Emphasis added.) Ill. S. Ct. R. 307(a)(2) (eff. Nov. 1, 2017). The circuit court's April 1, 2022, order did not appoint or refuse to appoint a receiver. Indeed, the court appointed Springer as receiver nearly 18 months earlier, on October 13, 2020, and the time to appeal that order ran out 30 days later. *Id.*

¶ 24　*Hunt* provides no support for Vargason's position. Initially, we note *Hunt* was decided more than 25 years before the first effective date of Rule 307 and contains no discussion of the reviewing court's jurisdiction. See Ill. S. Ct. R. 307 (eff. Jan. 1, 1970). More importantly, the plaintiff in *Hunt*, a senior mortgagee, appealed from a *final order* that required the receiver to pay rents collected to a junior mortgagee. *Hunt*, 323 Ill. App. at 625. To be sure, the appellate court held the circuit court "erred in not granting plaintiff appellant's petition *** to modify its order appointing the receiver." *Id.* at 629. But, in any event, the plaintiff did not appeal from an interlocutory order.

¶ 25　Nor did the circuit court's April 1, 2022, order "giv[e] or refus[e] to give other or further powers *** to a receiver *** already appointed." See Ill. S. Ct. R. 307(a)(3) (eff. Nov. 1, 2017). Rather, the order refused *Vargason*'s request that some other person be given powers that belonged to a receiver already appointed. Accordingly, Rule 307(a)(3) does not confer jurisdiction to review the court's April 1, 2022, order.

¶ 26　In sum, we conclude the circuit court's April 1, 2022, order, denying Vargason's "Motion for Leave to Represent Corporation Before the Department of Labor," was not immediately appealable under Rule 307(a). Accordingly, we must dismiss the appeal. See *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 217-18 (2009).

¶ 27　　　　　　　　　　　　　III. CONCLUSION

¶ 28　For the reasons stated, we dismiss the appeal for lack of jurisdiction.

¶ 29　Appeal dismissed.

*Vite v. Vargason*, 2022 IL App (2d) 220143

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, Nos. 19-CH-932, 20-CH-306; the Hon. Kevin T. Busch, Judge, presiding. |

| | |
|---|---|
| **Attorneys for Appellant:** | Philip J. Piscopo, of Storm & Piscopo, P.C., of Geneva, for appellant. |

| | |
|---|---|
| **Attorneys for Appellee:** | Scott C. Lucas, of Geneva, for appellee. |